**LEWIS–HALL IRON WORKS v. BLAIR,**
Commissioner of Internal Revenue.

Court of Appeals of District of Columbia.

Submitted December 8, 1927. Decided January 3, 1928.

No. 4585.

1. Evidence ⚖➔47—Court takes judicial notice of regularly promulgated rules of Board of Tax Appeals (Revenue Act 1924, § 900 [26 USCA §§ 1211–1222]).

Court of Appeals of District of Columbia will take judicial notice of rules of Board of Tax Appeals, regularly promulgated under Revenue Act 1924, § 900 (26 USCA §§ 1211–1222; Comp. St. § 6371⅝b).

2. **Internal revenue** ⊛⟹25—Petition for redetermination of deficiency in income and excess profits taxes held not "filed" within 60 days, where delivered to office of Board after business hours on sixtieth day (Revenue Act 1924, § 274 [d], 26 USCA § 1051; Revenue Act 1926, §§ 274 [a], 283 [k], 26 USCA §§ 1048, 1064 [k]).

Petition for redetermination of alleged deficiency in income and excess profits taxes assessed under Revenue Act 1924, § 274 (d), being 26 USCA § 1051, deficiency being determined under Revenue Act 1926, §§ 274 (a), 283 (k), being 26 USCA §§ 1048, 1064 (k), *held* not "filed" within 60 days, as required by section 274 (a), where delivered to office of Board of Tax Appeals after business hours on sixtieth day.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, File.]

3. **Internal revenue** ⊛⟹25—Board of Tax Appeals is without jurisdiction to hear petition for redetermination of deficiency in income and excess profits taxes not filed within statutory period (Revenue Act 1926, § 274 [a]; 26 USCA § 1048).

Petition for redetermination of alleged deficiency in income and excess profits taxes *held* properly dismissed by Board of Tax Appeals, where it was not filed within 60 days after notice of deficiency, since such requirement is statutory and jurisdictional, and not merely procedural, under Revenue Act 1926, § 274 (a), being 26 USCA § 1048, and Board was without jurisdiction to hear petition.

4. **Internal revenue** ⊛⟹25—Payment of fee for filing petition for redetermination of deficiency in income and excess profits taxes within statutory period is not jurisdictional (Revenue Act, § 274 [a]; 26 USCA § 1048).

That fee for filing petition for redetermination of alleged deficiency in income and excess profits taxes was not paid within 60-day period prescribed by Revenue Act 1926, § 274 (a), being 26 USCA § 1048, would not deprive Board of Tax Appeals of jurisdiction to hear petition, since payment of fee is not jurisdictional, but incidental and procedural.

5. **Appeal and error** ⊛⟹854(2)—Correct judgment or order will not be reversed, because trial court based decision on insufficient or erroneous grounds.

Where judgment or order is correct, it will not be reversed on appeal, because trial court based decision on insufficient or erroneous reasons or grounds, or has stated no reason therefor.

6. **Appeal and error** ⊛⟹185(1)—Want of jurisdiction apparent on face of record will be taken notice of by appellate court, though not relied on in court below (Court of Appeals of District of Columbia, rule 5 [3]).

Want of jurisdiction apparent on face of record will be taken notice of by appellate court, whether set up and relied on as defense in court below or not, notwithstanding rule 5 (3) of Court of Appeals of District of Columbia.

Appeal from the Board of Tax Appeals.

Petition by the Lewis-Hall Iron Works against David H. Blair, Commissioner of Internal Revenue, for redetermination of an alleged deficiency in income and excess profits taxes. From an order of the Board of Tax Appeals, dismissing the petition, petitioner appeals. Affirmed.

C. D. Hamel, R. S. Doyle, and John Enrietto, all of Washington, D. C., for appellant.

L. L. Hight and John Fisher, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal by a taxpayer from an order of the Board of Tax Appeals dismissing a petition for redetermination of an alleged deficiency in income and excess profits taxes for the fiscal year ended January 31, 1919.

The record discloses by stipulation that on June 20, 1924, the Commissioner of Internal Revenue made a jeopardy assessment, under section 274 (d) of the Revenue Act of 1924 (26 USCA § 1051; Comp. St. § 6336⅙zz [1]), on the appellant taxpayer for additional income and excess profits taxes imposed by the Revenue Act of 1918 (40 Stat. 1057) for the fiscal year ended January 31, 1919; that on February 26, 1926, no part of the jeopardy assessment having been paid, the Commissioner finally determined the amount of the deficiency in the sum of $16,558.85; that on June 11, 1926, the Commissioner, acting under the provisions of sections 274 (a) and 283 (k) of the Revenue Act of 1926 (44 Stat. 9; 26 USCA §§ 1048, 1064 [k]), sent notice of the deficiency by registered mail to the taxpayer; that thereupon the taxpayer dispatched by special delivery to the Board of Tax Appeals at its office in Washington a petition, together with four copies, seeking a redetermination of the deficiency, intending that the petition should be filed as soon as received, and be entered as part of the Board's records; that the 60-day period after the mailing of the notice of deficiency, allowed to the taxpayer within which to file such petition, expired on August 10, 1926; that at 7:10 p. m. of that day a post office messenger placed the envelope sent by the taxpayer containing the petition and copies, in the slot of the door of the room where mail addressed to the Board was usually delivered; that it was first found there the next morning, to wit, August 11, 1926, and marked with a date stamp as of that date; that the petition was

not accompanied by the filing fee of $10 required by rule 8 of the Board's Rules of Practice, which purports to forbid the filing of such a petition unless accompanied by the fee aforesaid; that a demand was next made upon the taxpayer for the fee, and it was paid on August 20, 1926, and the petition was then marked filed as of the latter date. It is also stipulated that it has been the custom of the Board that if such petitions accompanied by the filing fee should be delivered to a member of the Board, or an employee of the Board, after office hours and before midnight, they should be marked filed as of the date on which they were thus delivered or deposited.

On September 10, 1926, the Commissioner filed a motion with the Board to dismiss the petition for the following reasons, to wit:

"(1) The deficiency letter was mailed to the taxpayer on June 11, 1926, while the petition shows on its face that it was filed with the Board of Tax Appeals on August 20, 1926.

"(2) The petitioner has failed to file its appeal with the Board of Tax Appeals within the time prescribed by law, and therefore the Board of Tax Appeals is without jurisdiction to hear the same."

The Board sustained this motion and dismissed the appeal, at the same time stating that the failure of the taxpayer to pay the filing fee within the 60-day period aforesaid was the ground of the dismissal. Thereupon this appeal was brought by the taxpayer for a review of the Board's decision.

[1, 2] The Board of Tax Appeals is authorized to prescribe reasonable rules of procedure for conducting its business. Section 900, Revenue Act of 1924 (26 USCA §§ 1211–1222; Comp. St. § 6371⅝b). This court will take judicial notice of the Board's rules when regularly promulgated. Goldsmith v. Board of Tax Appeals, 55 App. D. C. 229, 4 F.(2d) 422. Under this authority the Board prescribed the following rule, to wit: "Rule 1. *Business Hours*. The office of the Board at Washington, D. C., will be open each business day from 9 o'clock a. m. to 4:30 o'clock p. m." In the present instance the Board's office was closed, conformably with its rules, prior to 7:10 p. m., when the postman placed the petition in the mail box or left it upon the office floor. Accordingly there was no one then at the office to receive the petition, nor was it received by any one for the Board until the next day.

The controlling question at present is whether this deposit of the petition consti-

tuted a filing of it within the law. This question must be answered in the negative, for it is well established that in general a paper is not "filed," within contemplation of law, until it is delivered to the proper officer to be filed by him.

" * * * A paper is said also to be filed when it is delivered to the proper officer, and by him received to be kept on file. 13 Vin. Abr. 211; 1 Littleton, 113; 1 Hawk. Pl. Cr. 7, 207. * * * Filing a paper, in modern usage, consists in placing it in the custody of the proper official by the party charged with the duty, and the making of the proper indorsement by the officer. Stone v. Crow, 2 S. D. 525, 51 N. W. 335. In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by the proper officer to be kept on file. The word carries with it the idea of permanent preservation of the thing so delivered and received; that it may become a part of the public record. It is not synonymous with deposited; People v. Peck, 67 Hun, 560, 22 N. Y. S. 576." 2 Bouv. Law Dict. 1219, "File."

See In re Gubelman (C. C. A.) 10 F. (2d) 926, 929; Gallagher v. Linwood, 30 N. M. 211, 231 P. 627, 37 A. L. R. 664; Hoyt v. Stark, 134 Cal. 178, 66 P. 223, 86 Am. St. Rep. 246; Westcott v. Eccles, 3 Utah, 258, 2 P. 525; In re Conant's Estate, 43 Or. 530, 534, 73 P. 1018; In re Von Borcke (D. C.) 94 F. 352; Mut. Life Ins. Co. v. Phinney (C. C. A.) 76 F. 618; Appeal of Satovsky, 1 B. T. A. 22.

[3] It follows that the Board's decision dismissing the petition was correct, for the requirement that such petitions shall be filed within 60 days after the mailing of notice of the deficiency, is statutory and jurisdictional and is not merely procedural. Revenue Act of 1926, § 274 (a). The Board, therefore, was without jurisdiction to hear the petition.

[4–6] Appellant argues that the sole ground upon which the decision of the Board was based was the taxpayer's failure to pay the $10 fee within the 60-day period, and that the decision should be reversed because the reason thus assigned was erroneous. It is true that the ground stated for the decision was erroneous. See Weaver v. Blair, Commissioner (C. C. A.) 19 F.(2d) 16, and Reliance Mfg. Co. v. Blair, Commissioner (C. C. A.) 19 F.(2d) 789, which hold that the payment of the fee is "not jurisdictional, but incidental and procedural." But it is elementary that, "where a judgment or order

is correct, it will not be reversed on appeal because the trial court has based its decision on insufficient or erroneous reasons or grounds, or has stated no reason therefor." 4 C. J. p. 663.

Appellant also argues that the Commissioner's present objection to the filing of .the petition was not presented or considered below and therefore should not be heard in this appeal, citing rule 5 (3) of this court. This argument is answered by the rule that "the want of jurisdiction apparent on the face of the record will be taken notice of by the appellate court, whether set up and relied on as a defense in the court below or not." 3 C. J. p. 755.

The decision of the Board of Tax Appeals is affirmed.