## HURWITZ v. COMMISSIONER OF INTERNAL REVENUE.

No. 60.

Circuit Court of Appeals, Second Circuit.

Dec. 8, 1930.

Louis E. Spiegler and N. Norman Mayer, both of Washington, D. C., and Milton M. Mayer, of New York City, for appellant.

G. A. Youngquist, Asst. Atty. Gen., and John G. Remey and Sewall Key, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Robert L. Williams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

**L. HAND, Circuit Judge.**

Hurwitz bought a small stationery and candy business in Cedarhurst, Long Island, in 1913, for $12,000. This was made up of $5,000 of stock on hand, $1,000 of fixtures and $6,000 of good will. In 1920 he changed his place of business and added fixtures of $7,400. On July 1, 1922, he sold the business for $56,250, which for the purpose of this suit we may treat as paid in cash, less a commission of $2,500. In his return for that year he charged himself with $53,500, the full amount less the commission ($250 is not accounted for), and credited himself with the original cost, $12,000, and $37,500 for "subsequent improvements," leaving a net profit of $4,000. In the same return he charged himself with $28,800 for his sales during the first half year of 1922, and credited himself with $21,000 for his purchases. He had in 1921 made his return in the same way, charging himself with $62,000 for sales, and crediting himself with $56,000 for purchases. It does not appear whether he had followed this method in the earlier years, but, as the burden is his, we may assume that he did. The "improvements" with which he credited himself were made up of the new fixtures, $7,500, and $30,000 of stock on hand. The Commissioner refused to recognize the stock on the theory that in his past returns he had already taken credit for all purchases, and could claim no more than the cost of the stock with which he had started. Therefore, he surcharged his account with $30,000 and recomputed the tax accordingly. Hurwitz appealed, and the Board affirmed the Commissioner on another ground, not necessary to set forth.

If Hurwitz, instead of selling the business in block, had wound it up during the last six months of 1922, selling off his stock piecemeal, without new purchases, there could be no question, we should suppose, that he would have had to charge himself with the whole sales, and could have credited himself at most with no more than the original cost of the stock. He would have already taken credit for the cost of everything which he sold during that period, except so much as had replaced the original stock, with the sale of which he had already charged himself without corresponding credit. This would have been the only consistent conclusion of the method he had uniformly adopted, which otherwise would have allowed him to take his credits twice.

We cannot see what difference it made that he sold the stock in block to a single purchaser. The business was indeed made up of more than merchandise, and the good will could not be sold separately, but the profit upon the whole is the sum of the profits upon the parts. Had Hurwitz owned the building, and credited himself annually with depreciation, we take it that no one would say that he could have deducted the original cost, even though the depreciation had wiped it out in toto. The same would be true, had he secured credit for obsolescence of his fixtures, or of any part of the stock. His profit is indeed the difference between what he gets for the whole and what he has paid, but he can get a double credit as little when he sells one part all at once, as when he sells it singly or in parcels.

The fact that the Board did not decide the case on this ground, is immaterial. Lewis-Hall Iron Works v. Blair, 57 App. D. C. 364, 23 F.(2d) 972.

Decision affirmed.