## POYNOR v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### Nos. 7958, 7959.

Circuit Court of Appeals, Fifth Circuit.
March 7, 1936.

Austin F. Anderson, of Fort Worth, Tex., for petitioners.

Norman D. Keller and Sewall Key, Sp. Assts. to the Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Arthur L. Jacobs, Atty., Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Isador Graff, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In each of these cases the Board of Tax Appeals sustained a motion of the respondent to dismiss the taxpayer's petition to the Board for a redetermination of a deficiency determined by the Commissioner with respect to the petitioner's income tax liability for the year 1929, on the ground that the petition was not filed with the Board within the 90-day period prescribed by statute. On October 23, 1934, respondent mailed to the petitioner in each of the cases a notice of a stated deficiency. On January 19, 1935, petitions for redetermination of the asserted deficiencies were deposited in the United States Post Office at Forth Worth, Tex., as registered air mail, addressed to the United States Board of Tax Appeals at Washington, D. C. The petitions were received and filed by the Board of Tax Appeals on January 23, 1935, the ninety-second day after the deficiency notices were mailed. On the hearing of the motions to dismiss, the petitioners introduced evidence which showed that under the scheduled air mail service the petitions would have been delivered to the Board on January 21, 1935, the ninetieth day after the mailing of the deficiency notices, and that the delay of delivery beyond the ninetieth day was due to adverse weather conditions.

Section 272 (a, c) of the Revenue Act of 1928, (45 Stat. 791), authorized the Commissioner to send notices of deficiencies to the taxpayer by registered mail, and provided:

"Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency." 26 U.S. C.A. § 272 (a) note.

522

"(c) Failure to file petition. If the taxpayer does not file a petition with the Board within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the collector." 26 U.S.C.A. § 272 (c) and note.

By section 501 of the Revenue Act of 1934 (48 Stat. 680, 755), section 272 (a) of the Revenue Act of 1928 was amended "by striking out '60 days' and inserting in lieu thereof '90 days'; by striking out 'not counting Sunday as the sixtieth day' and inserting in lieu thereof 'not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day'; and by striking out '60-day' and. inserting in lieu thereof '90-day.'" By explicit language of the statute the right conferred on the taxpayer to petition for a redetermination of a deficiency is subject to the condition that such petition be filed with the Board of Tax Appeals within the time prescribed; and, if the taxpayer does not file such petition with the Board of Tax Appeals within the time prescribed, that Board is required to assess the deficiency, notice of which has been mailed to the taxpayer. Those provisions negative the conclusion that the Board of Tax Appeals has the right or power to consider a petition for a redetermination of a deficiency where such petition is filed with it after the expiration of the prescribed period. Chambers v. Lucas, 59 App.D.C. 327, 41 F.(2d) 299; Lewis-Hall Iron Works v. Blair, 57 App. D.C. 364, 23 F.(2d) 972. It well may be inferred that, in enlarging the time for filing petitions for redetermination of deficiencies, the lawmakers had in mind reasonably to be expected delays in the transmission of papers by mail or other methods of conveyance. It seems that the petitioners made no allowance for a failure of mail to move strictly according to schedule. A paper is filed when it is delivered to the proper official and by him received to be kept on file. Depositing a paper in the post office in time for it to reach the Board of Tax Appeals in the usual course of mail within the time allowed is not a filing of the paper with the Board. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897. The Board was without power to dispense on equitable grounds with the requirement of filing within the time allowed. Yturbide's Executors v. United States, 22 How. 290, 16 L.Ed. 342. See, also, Muckelroy v. Baldwin (C.C.A.) 70 F.(2d) 728.

In support of the contention that the petitions for redetermination were filed within the time allowed, counsel for petitioners call attention to the following statutory provision: "The mailing by registered mail of any pleading, decision, order, notice, or process in respect of proceedings before the Board shall be held sufficient service of such pleading, decision, order, notice, or process." 45 Stat. 872, § 601, 26 U.S.C.A. § 613.

The just set out provision does not purport to deal with the matter of a taxpayer filing with the Board of Tax Appeals a petition for redetermination of a tax deficiency determined by the Commissioner or to supersede or affect any statutory provision dealing with that subject.

It was open to the petitioners to test the correctness of the deficiencies required to be assesesd upon their failure to file with the Board of Tax Appeals petitions for redetermination within the time prescribed, by paying the amounts assessed and suing for refunds thereof. Section 322 (a, c) of Revenue Act of 1928, 45 Stat. 791, 26 U.S. C.A. § 322 and note.

The petitions are denied.