EDWARD BARRON ESTATE CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 8486.

Circuit Court of Appeals, Ninth Circuit.

Dec. 31, 1937.

Charles S. Wheeler, Jr., of San Francisco, Cal. (W. D. Shea, Jr., of San Francisco, Cal., of counsel), for petitioner.

James W. Morris, Asst. U. S. Atty. Gen., and J. Louis Monarch, S. Dee Hanson, and M. S. Zimmerman, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This appeal is from a decision of the Board of Tax Appeals wherein by order, upon motion, petitioner's alleged petition for redetermination of a deficiency found by the Commissioner in its income tax for the year 1932, in the sum of $43,279.67, was dismissed, for lack of jurisdiction.

On September 4, 1935, the Commissioner of Internal Revenue mailed to the taxpayer a notice of deficiency in income taxes for the calendar year 1932 in the amount of $43,279.67. The statutory period of ninety days from such mailing within which a petition for redetermination could be filed under the provisions of section 272(a) of the Revenue Act of 1932, 47 Stat. 233, as amended by section 501 of the Revenue Act of 1934, 48 Stat. 755, expired on December 3, 1935.

On December 3, 1935 at 5:10 p.m., Pacific Standard Time, the petitioner, through its president, delivered to the Western Union Telegraph Company at its San Francisco office a telegram, comprising the skeleton of a petition for redetermination of the above deficiency, addressed to "Eugene Black, Chairman U. S. Board Tax Appeals, Washington, D. C.," with instructions accompanying the same, as follows: "(phone and deliver wire to Mr. Eugene Black at 5206 Colorado Avenue Northwest Wash D. C. report delivery)."

The office of the Board of Tax Appeals, hereinafter called the Board, closes at 4:30 p.m., Eastern Standard Time.

At 9 p.m., Eastern Standard Time, on said day, Eugene Black was called to the telephone at his residence, in Washington, D. C., and the said telegram read to him. The operator immediately upon completing the reading of the telegram, asked Chairman Black if he desired the telegraph company to deliver the telegram to him at his home address, and he replied, "No, send it to the office in the morning."

On December 4, 1935, at 7:45 a.m., a copy of the telegram in question was delivered to that room in the Internal Revenue building which is used by the government for the receipt and delivery of official telegrams for certain government offices, including the Board of Tax Appeals, but which has no connection with the office of the Board. Such official telegrams are received at said room on a machine known as a "Simplex Printer," which machine is connected with the telegraph company by direct wire. A government employee in that room then copies the message as it is typed on the said machine, and such copy is then forwarded by government messenger to the office for which the same is intended. This telegraph room is open from 7:30 a.m. to 7 p.m.

On December 4, 1935, upon his arrival at the office of the Board, Chairman Black was handed this copy of the telegram, which bore on it the telegraph company's notation that it had been telephoned to him. Upon reading it, he recognized it as the one which had been read to him over the telephone the evening before, and he instructed the Chief Deputy Clerk to file and docket the said telegram as received by the Board on December 3, 1935, which was done. At that time, Chairman Black did not know that December 3d was the

ninetieth and last day for the filing of said petition.

On December 4, 1935, the taxpayer forwarded by registered mail to the Board an "Amended Petition," together with its check for $10 in payment of the filing fee for the original petition, which had not theretofore been paid, both of which were thereafter received at the office of the Board.

The question for our consideration is one of jurisdiction. Did the taxpayer comply with the requirements of the applicable statutes? Revenue Act 1932, § 272, 47 Stat. 233, 234, provides as follows:

"(a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days [amended to read '90 days' by section 501 of the Revenue Act of 1934, c. 277, 48 Stat. 755] after such notice is mailed (not counting Sunday as the sixtieth day) [amended to read '(not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day)' by section 501 of the Revenue Act of 1934, c. 277, 48 Stat. 755], the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

"(c) If the taxpayer does not file a petition with the Board within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the collector."

■ If the taxpayer filed a petition as required by the act, asking redetermination of a deficiency theretofore determined by the Commissioner within the period limited by the act, supra, then the Board had jurisdiction to consider the petition. If such petition was not so filed within the time limited by the act, the Board was without jurisdiction to consider the matter. The requirement that petitions for redeterminations be filed within a specified period after the mailing of the deficiency notice "is statutory and jurisdictional and is not merely procedural." Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.2d 972, 974, certiorari denied 277 U.S. 592, 48 S.Ct. 529, 72 L.Ed. 1004.

The Board has power to prescribe rules of practice and procedure under the provisions of section 907(a) of the Revenue Act of 1924, as amended by section 601 of the Revenue Act of 1928, 26 U.S.C.A. § 611, which provides as follows:

"The proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe and in accordance with the rules of evidence applicable in courts of equity of the District of Columbia."

Acting under the authority of section 907(a), supra, the following rules of practice have been prescribed by the Board:

"Rule 1. The office of the Board at Washington, D. C., will be open each business day from 9 o'clock a.m. to 4:30 o'clock p.m."

"Rule 7. An original and four clear copies of the petition, either printed or typewritten * * *, shall be filed with the Board at Washington, D. C. * * *"

"Rule 61. * * * when the time for performing any act is prescribed by statute nothing in these rules shall be deemed to be a limitation or extension of the statutory time fixed."

■ Nothing in section 907(a), supra, nor in the "rules of practice and procedure" prescribed thereunder, authorizes the Board to vary or amend the statute conferring jurisdiction upon the Board to hear and determine taxpayers' petitions.

■ The Board was without power to dispense even on equitable grounds with the statutory requirement that a petition be filed "with the Board of Tax Appeals" within the time allowed. Poynor v. Commissioner, 5 Cir., 81 F.2d 521. To similar effect, see Yturbide's Executors v. United States, 22 How., 63 U.S., 290, 16 L.Ed. 342, and Muckelroy v. Baldwin, 8 Cir., 70 F.2d 728.

It is said in Poynor v. Commissioner, supra, 81 F.2d 521, at page 522:

"A paper is filed when it is delivered to the proper official and by him received to be kept on file."

The Board seems in other proceedings to have accepted notice by a telegraphic petition in skeleton form as a compliance with the statute and its rules, provided that an original and four copies of the petition be filed within a reasonable time thereafter, and the filing fee paid. See Statler v. Com'r, 27 B.T.A. 342.

■ Without attempting now to define what constitutes "a petition" for the pur-

pose of determining this cause, it is enough to say that to give effect to the congressional provision whereunder the taxpayer may seek a redetermination of the Commissioner's finding before the Board, that something having the form and substance of a petition must be by the taxpayer filed with the Board within the time limited by the act.

A petition is not filed with the Board by giving telegraphic notice to an individual member of the Board of an intention to comply with the statute.

Under the facts set forth in the stipulation of facts before us, we must and do hold that the record does not show that petitioner filed a petition with the Board seeking a redetermination of the deficiency within the time limited by the act.

To hold that the stipulated facts before us constitute a compliance with the statutory provision whereby jurisdiction is conferred upon the Board to redetermine the Commissioner's finding, will be to open the door wide for any and all so-called excuseable failures on the part of taxpayers whose right to a consideration by the Board is not absolute but is limited by the terms of the act which prescribes a time within which the taxpayer may apply to the Board for a redetermination of the Commissioner's finding.

The decision of the Board is affirmed.