## STEBBINS' ESTATE et al. v. HELVERING, Com'r of Internal Revenue.

No. 7651.

United States Court of Appeals for the District of Columbia.

Argued March 19, 1941.

Decided April 28, 1941.

Raymond M. Hudson, Minor Hudson, Geoffrey Creyke, Jr., and Frank M. Chapin, all of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Joseph M. Jones, J. P. Wenchel, and Charles E. Lowery, all of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

GRONER, C. J.

In this case the Board of Tax Appeals declined jurisdiction because the petition for redetermination was not filed with the Board within 90 days after the mailing of the deficiency notice.[1] No other question is involved.

The facts are these. Notice of deficiency was mailed by the Commissioner January 18, 1939. The statutory 90 days expired April 18. On April 17, from Miami, Florida, counsel for petitioner sent a telegram to the Board reading as follows: "Petition requesting determination of status of transfer of certain stock by deceased in Matter of Estate of Bliss Stebbins— Grace Cole Stebbins Executrix against Commissioner forwarded this date."

On the early afternoon of the same day, counsel placed the formal petition in the mails for transmission by air. It should have arrived in Washington at 4:15 o'clock A. M. on April 18, but because of weather conditions en route the mail was transferred from plane to railroad and was received in Washington at 3:45 P. M. April 18. It was received by the Board on the morning of April 19, the 91st day.

Rule 1 of the Board provides that its Washington office shall be kept open each business day from 9 A. M. to 4:30 P.M. The record shows that the Board maintains a lock box in the Washington post office into which its mail is deposited and from which it is collected during business hours by its messenger, and a certificate of the postmaster at Washington shows that in the ordinary course mail addressed to the Board is deposited in its box within one and a half hours after arrival in Washington. It may be assumed, therefore, that the petition was placed in the Board's post office box around 5:15 P. M. of April 18, which was three-quarters of an hour after the official closing hour of the Board's office and a quarter of an hour after the last messenger service to the post office for collection of mail. The applicable procedural statute authorizes the filing of a petition for a redetermination of a deficiency "within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day)". If the taxpayer does not file the petition "within the time prescribed", the tax deficiency "shall be assessed, and shall be paid upon notice and demand from the collector".

■■■ The Board held that the telegram itself was not a petition, and in this respect the Board was clearly correct. The telegram did not purport to be a petition. It did not request a redetermination of a deficiency. It was no more than notice of the fact that a petition was being forwarded by mail. See Edward Barron Estate Co. v. Commissioner, 9 Cir., 93 F.2d 751, 753, 754. This brings us, then, to the question whether the arrival of the petition itself in Washington at 3:45 P. M. of the final day and its deposit at 5:15 of that day in the Board's lock box in the post office was compliance with the statute. If the question were one of discretion, it might be that this is a case in which it should be exercised. But, as we think, the matter is beyond our control, for it has been decided time and again that the statutory period is jurisdictional, and the duty to dismiss on

---

[1] Sec. 272, Revenue Act of 1934, 48 Stat. 680, 741:

"(a) Petition to Board of Tax Appeals. —If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final.

\*    \*    \*    \*    \*    \*

"(c) Failure to File Petition.—If the taxpayer does not file a petition with the Board within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed and shall be paid upon notice and demand from the collector." 26 U.S.C.A. Int.Rev.Code, § 272.

failure to comply is mandatory. Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 366, 23 F.2d 972, 974, certiorari denied 277 U.S. 592, 48 S.Ct. 529, 72 L.Ed. 1004. See also Chambers v. Lucas, Commissioner, 59 App.D.C. 327, 328, 41 F.2d 299, 300. The case of Lewis-Hall Iron Works was in all respects identical with this, except that the petition for redetermination was delivered at the Board's offices, through the mail slot, two hours and forty minutes after the official closing hour of the last day and was not received by the Board until the next day. We said that the petition, in order to be properly filed, must be delivered to a proper officer of the Board to be filed before the close of business of the final day permitted in the statute and that delivery in the office mail box was not compliance with the statute. And in Edward Barron Estate Co. v. Commissioner, 93 F.2d 751, the Court of Appeals of the Ninth Circuit held, as we had previously held in Chambers v. Lucas, Commissioner, supra, that the Board is without power to dispense, even on equitable grounds, with the statutory requirement that the petition be filed within the 90-day period allowed by law. In Poyner v. Commissioner of Internal Revenue, 81 F.2d 521, 522, the Court of Appeals of the Fifth Circuit had before it a case in which the petition was placed in the mails (from Texas) two days before but was not received by the Board, because of adverse weather conditions, until two days after the final date, and the holding was that it was not filed in time. There the court said:

"By explicit language of the statute the right conferred on the taxpayer to petition for a redetermination of a deficiency is subject to the condition that such petition be filed with the Board of Tax Appeals within the time prescribed; and, if the taxpayer does not file such petition with the Board of Tax Appeals within the time prescribed, that Board is required to assess the deficiency, notice of which has been mailed to the taxpayer. Those provisions negative the conclusion that the Board of Tax Appeals has the right or power to consider a petition for a redetermination of a deficiency where such petition is filed with it after the expiration of the prescribed period."

In the circumstances, there is nothing we can do except to remind petitioner that, since the statute of limitations appears not to have run, she may still pay the tax and resort to a suit for refund.

Affirmed.