### DI PROSPERO v. COMMISSIONER OF INTERNAL REVENUE.
No. 12098.

United States Court of Appeals
Ninth Circuit.
June 22, 1949.

Felice Di Prospero, San Francisco, Cal., in pro. per.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner, Virginia H. Adams and Sumner Redstone, Sp. Assts. to Atty Gen., for respondent.

Before STEPHENS, HEALY and BONE, Circuit Judges.

PER CURIAM:

On January 9, 1948, the Commissioner of Internal Revenue mailed a notice of tax deficiency for the years 1942 to 1945 to petitioner. The applicable law[1] permits the taxpayer to file a petition for redetermination of the deficiency with the Tax Court within 90 days of the mailing of the notice, the 90th day in this case being April 8, 1948. On April 6, petitioner's counsel mailed the petition, air mail, special delivery, from San Francisco. The petition arrived in Washington D. C., at about 2:45 on the afternoon of April 8th and the messenger bearing the petition, arrived at the Tax Court after its normal closing hour of 5:15 p. m.[2] The petition was then returned to the Post Office and delivered the following, or 91st day. The Tax Court dismissed the petition for lack of jurisdiction and petitioner now petitions his court for review of that order.

There is, at this late date, little doubt that the 90 day requirement is jurisdictional.[3] 26 U.S.C.A. § 1111[4] author-

---

[1] 26 U.S.C.A. § 272(a) (1) provides: "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the deficiency. * * * "

[2] Pursuant to the authority granted by 26 U.S.C.A. § 1111, The Tax Court enacted the following Rules of Practice: "Rule 1—Business Hours. The office of the clerk of the Court at Washington, D. C., shall be open during business hours on all days, except Saturdays, Sundays, and legal holidays, for the purpose of receiving petitions, pleadings, motions, and the like. 'Business hours' are from 8:45 o'clock a.m. to 5:15 o'clock p.m."

"Rule 9—Filing. Any document to be filed with the Court, must be filed in the office of the clerk of the Court in Washington, D.C., during business hours (see Rule 1); * * *."

[3] Barron Estate Co. v. C. I. R., 9 Cir., 1937, 93 F.2d 751, 753; Lewis-Hall Iron Works v. Blair, C.I.R., 1928, 57 App.D. C. 364, 23 F.2d 972, 974: "For the requirement * * * is statutory and jurisdictional and is not merely procedural." Certiorari denied 277 U.S. 592, 48 S.Ct. 529, 72 L.Ed. 1004; Goldsmith v. Board of Tax Appeals, 1925, 55 App. D.C. 229, 4 F.2d 422.

[4] "The proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax Court may prescribe and in accordance with the rules of evi-

izes the Tax Court to prescribe rules for the conduct of its own practice and procedure. These rules have the force and effect of law.[5] Thus it was necessary that the petition be filed before the closing of business, i. e., 5:15 p. m., on the 90th day. This was not done.

The decision of the Tax Court is affirmed.

Judge STEPHENS did not participate in the decision.

dence applicable in the courts of the District of Columbia in the type of proceedings which prior to September 16, 1938, were within the jurisdiction of the courts of equity of said District." See, also, supra, Note 2.

[5] Barron Estate Co. v. C. I. R., supra.

note 3 at page 753 of 93 F.2d; Lewis-Hall Iron Works v. Blair, C.I.R., supra, note 3; Poynor v. C.I.R., 5 Cir., 1936, 81 F.2d 521, 522, and cases cited; Stebbins' Estate et al. v. Helvering, 1941, 74 App. D.C. 21, 121 F.2d 892, 893-894.