### EPPLER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10182.

United States Court of Appeals
Seventh Circuit.
April 3, 1951.

8.  There is no evidence in the record to show that the signers of the telegram were authorized to act for all employees.

H. William Ihrig, Milwaukee, Wis., Robert Holt Myers, John Holt Myers, Washington, D. C., for petitioner.

Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Virginia H. Adams, Hilbert P. Zarky, Sp. Assts. to Atty. Gen., for respondent.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from an order of the Tax Court of the United States granting the motion of the Commissioner of Internal Revenue to dismiss the petitioner's petition for a redetermination of a deficiency which the Commissioner had determined to be due from the petitioner. The petition was dismissed on the ground that it had not been filed within the 90 day period provided by statute for such appeals.

The Commissioner on June 3, 1949, mailed a notice of deficiency to the petitioner at an address where petitioner had formerly lived. The postal authorities were unable to make delivery of the notice at that address and returned it to the Collector for the District of Wisconsin. The notice of deficiency was then, on June 16, 1949, remailed by registered mail to the petitioner in care of the company for which petitioner was working. It was received by petitioner on June 17, 1949. On September 14, 1949, within 90 days of the second mailing of the notice, but not within 90 days of the mailing of the first notice, the petitioner filed his petition for a redetermination with the Tax Court of the United States.

This case involves the interpretation of Section 272 of the Internal Revenue Code, Title 26, § 272 U.S.C.A. Paragraph (a) (1) of that section provides as follows: "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. * * * "

Paragraph (c) of the section provides that if the taxpayer does not file a petition with the Tax Court within the time prescribed in sub-section (a) (1), the deficiency shall be assessed and shall be paid upon notice and demand from the Collector.

Paragraph (k) provides as follows: "In the absence of notice to the Commissioner under section 312(a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this chapter, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. * * * "

Many of the cases go far in indicating that these provisions of section 272 of the Internal Revenue Code, 26 U.S.C.A. § 272, are mandatory and that they must be strictly complied with by the taxpayer in order to give to the Tax Court jurisdiction of a petition for redetermination of the deficiency. See Stebbins' Estate et al. v. Helvering, 74 App.D.C. 21, 121 F.2d 892; Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.2d 972; DiProspero v. Commissioner of Internal Revenue, 9 Cir., 176 F.2d 76.

However, this court in Dilks v. Blair, 7 Cir., 23 F.2d 831, 832, said: "Assessment and collection of a tax upon a mere mailing of notice of it to the taxpayer is at best drastic and summary, though perhaps necessary, and the least the assessing officer can do to protect the taxpayer is to send the notice to such address as will be most likely to reach him, so far as the proceedings may disclose such address."

In that case there were papers on file with the Commissioner disclosing a more recent address for the petitioner than the address to which the notice was sent. In that case this court also said, 23 F.2d at page 833: "The statute would not be transgressed, but, on the contrary, its remedial purpose would be furthered, by considering in such case the notice to have been mailed at a time and place when and where, on its return journey toward the taxpayer's address, it reached a point substantially the same distance from him as is Washington."

By so reasoning this court reversed the case and remanded it to the Tax Court with directions to hear the taxpayer's appeal on its merits.

In other decisions the courts have indicated that when speaking of the jurisdiction of the Tax Court in these cases the courts have not been using the word "jurisdiction" in a technical sense. As said in Commissioner of Internal Revenue v. Forrest Glen Creamery Company, 7 Cir., 98 F.2d 968, at page 971: "The purpose of the notice is to give the taxpayer an opportunity to appeal to the Board of Tax Appeals, but there is no indication in the statute of an intention to require the notice to be the basis of jurisdiction of the Board in a technical sense."

It has been held that a defect in the notice of deficiency may be waived by the taxpayer. In Commissioner of Internal Revenue v. Rosenheim, 3 Cir., 132 F.2d 677, 680, the court said: "The question of jurisdiction, which the transferee here poses, goes to the Board's jurisdiction of the person sought to be charged with the liability and not to the Board's power to hear and determine a question of transferee tax liability when duly invoked for such purpose by the alleged transferee."

In Haag v. Commissioner of Internal Revenue, 7 Cir., 59 F.2d 516, 518, this court again said: "Moreover petitioner appealed to the Board of Tax Appeals, and the partially successful outcome of the contest there waged, which resulted in a reduction of her tax, constituted a waiver of this point."

If the jurisdiction of which the courts were speaking in these cases were jurisdiction of the subject matter, of course, neither party could confer jurisdiction upon the Tax Court by waiver.

In Commissioner of Internal Revenue v. Stewart, 6 Cir., 1951, 186 F.2d 239, 241, the court in considering this statute said: "Although some courts have said that strict compliance with the statutory notice provisions is necessary in order to validate the assessment and to give the Tax Court jurisdiction to review it, we do not think that such a view is a correct one. * * * As pointed out by Commissioner v. New York Trust Company [2 Cir.] supra, 54 F.2d [463] at page 465, it is the taxpayer who invokes the jurisdiction of the Board by filing his petition to review. * * *" See also Burnet v. San Joaquin Fruit & Investment Company, 9 Cir., 52 F.2d 123.

It has been held that the Commissioner must mail the deficiency notice to the "last known address" as shown by his records or as known to his subordinates. In Welch v. Schweitzer, 9 Cir., 106 F.2d 885, 887, the court said: "This recognized continued relationship of the taxpayer to the Treasury created by statute for the purpose of crediting overpayments, made available in this case to the Commissioner the true residence address of the taxpayer, as shown in his later returns. The application of ordinary business principles to the tax business of the government would seem to require the Commissioner to avail himself of the facilities of his business organization in the performance of his duty to mail the notice of deficiency."

To the same effect see Maxfield v. Commissioner of Internal Revenue, 9 Cir., 153 F.2d 325, 326.

In the instant case it is admitted that the deficiency notice of June 3 was sent to the taxpayer at a former address and was not

delivered. On June 16 it was mailed to his business address where it was received by him. The record fails to disclose when or how the Commissioner acquired the business address to which the deficiency notice was sent. It was necessarily acquired on or before June 16.

In the hearing before the Tax Court and in the argument before this court counsel for respondent stated that when a notice of deficiency is mailed out and returned because the postal authorities are unable to make delivery at the address used, it is the custom to forward the notice unregistered if another address for the taxpayer is discovered. That is a commendable practice and one which should be continued. As said by this court in Dilks v. Blair, supra, 23 F.2d at page 832: "Persons cannot conclusively be presumed to retain the same address for the many years during which such matters are often pending, and if several addresses of the taxpayer are disclosed in the proceedings, it would entail no hardship on the Commissioner to send a copy of the notice to each address of the taxpayer which the papers and records in his possession disclose."

It was also admitted by counsel for the respondent in the argument before this court that in the event the Commissioner discovers an error in the determination of the amount of deficiency after a ninety day letter is mailed and during the ninety day period, the Commissioner may send a second ninety day letter showing the corrected amount of the deficiency and thereby give to the taxpayer ninety days from the mailing of the second letter within which to appeal to the Tax Court.

Both parties admit that if in this case the second registered letter had not been mailed to the taxpayer the mailing of the first letter would have started the ninety day period of limitations within which the taxpayer might appeal to the Tax Court. But the taxpayer insists, and we think with justification, that by mailing out the notice of deficiency the second time by registered mail the taxpayer was given no notice of the first mailing and that he was therefore misled into believing that he had ninety days from the second mailing within which to file his appeal. The Commissioner should

not be permitted to defeat the purpose of this remedial statute by so misleading the taxpayer. Congress intended that the taxpayer should be given this right to appeal only to correct possible errors of the Commissioner in determining the amount of the deficiency.

In view of the factual situation here and of statements and decisions in the cases discussed above, we are of the opinion that when the deficiency notice of June 3 was returned to the Commissioner because the postal authorities had been unable to deliver it at the taxpayer's former address, the Commissioner, realizing that the taxpayer no longer lived there, sent it by registered mail to the taxpayer's business address where it was delivered to the taxpayer. We think that by so doing the Commissioner in effect withdrew or abandoned the June 3 deficiency notice and on June 16 started a new 90 day period of appeal, just as he would have done had he then sent a notice of a corrected determination of the amount of the deficiency. The appeal by the petitioner was therefore timely filed and should have been considered by the Tax Court on its merits.

The order of the Tax Court of the United States is reversed and the cause remanded, with directions to entertain jurisdiction and to hear this appeal on its merits.