## CENTRAL PAPER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11508.

United States Court of Appeals
Sixth Circuit.

Decided Nov. 13, 1952.

Melva M. Graney, Washington, D. C. (Ellis N. Slack, A. F. Prescott, Virginia H. Adams, Washington, D. C., on the brief), for respondent.

Wilbur A. Giffen, Chicago, Ill., of counsel, KixMiller, Baar & Morris, Chicago, Ill., on the brief, for petitioner.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The Tax Court dismissed Petitioner's application for a redetermination of its excess profits tax liability on the ground that it lacked jurisdiction in the matter, from which ruling the Petitioner has appealed.

The Petitioner, Central Paper Company, Inc., a Michigan Corporation, filed claims for refund, relating to the application of § 722 of the Internal Revenue Code, 26 U.S. C.A. § 722, with respect to excess profits

taxes for the fiscal years ending June 30, 1943, 1944 and 1945. The Commissioner, by letter of September 6, 1950, rejected the applications. The letter also advised the taxpayer—"Within ninety days * .* * from the date of the mailing of this letter, you may file a petition with The Tax Court of the United States, at its principal address, Washington 4, D. C., for a redetermination of your excess profits tax liability under the Internal Revenue Code." This was in accordance with the provisions of § 732(a) Internal Revenue Code, 26 U.S.C.A. § 732(a).

The taxpayer prepared such a petition which was mailed at Chicago, Illinois, properly stamped and legibly addressed to "The Tax Court of the United States, Washington 4, D. C." The wrapper on the package which contained the petition shows a Chicago postmark of 3:30 p. m. on December 1, 1950. The docket of the Tax Court carries the following entry: "1950, December 7. Petition received and filed." The petition itself was rubber stamped "Filed December 7, 1950." December 7, 1950, was 92 days after the date of the mailing by the Commissioner of the registered notice of disallowance of the claims on September 6, 1950. The Commissioner moved that the proceeding be dismissed for lack of jurisdiction, due to the failure of the petitioner to file its petition with the Tax Court within the 90 days provided by the statute. The Tax Court sustained the motion, without opinion.

In connection with the Tax Court's consideration of the motion to dismiss, it was stipulated between the parties that the Court should consider as being in evidence the cover of the package which contained the petition; that there was attached to the notice of disallowance in the above matter a slip of instructions which stated that "appeals should be addressed to ' The Tax Court of the United States, Washington 4, D. C."; that the Court should consider as evidence the statement of the postmaster at Chicago, Illinois, that a record is made of pouches of mail that miss connection with intended trains and also unusual conditions that would interrupt normal operation of trains enroute to destination would be recorded, that there was no record of any such irregularity in the handling of mail at the Chicago postoffice on December 1, 1950, or any interruptions in transportation service that would account for a first-class piece of mail addressed to The Tax Court of the United States, Washington 4, D. C., not reaching the addressee according to schedule, and that a first-class piece of mail addressed to The Tax Court of the United States, Washington 4, D. C., showing postmark in Chicago on December 1, 1950, 3:30 p. m. would in the normal course have arrived at Washington, D. C., at 4:30 p. m. on December 2, 1950; that the Court should consider as evidence the statement of the postmaster at Washington, D. C., that The Tax Court of the United States rents lock box No. 70 at the Benjamin Franklin Station, which is about five inches square, that because of the volume of mail received by The Tax Court their mail is not placed in this box but is piled on a ledge in no special receptacle until called for by a messenger from The Tax Court, that The Tax Court is not the only box holder at said station for whom mail is retained in no special receptacle until called for, that on December 2, 1950, there were no unusual conditions or circumstances existing in Washington, D. C. Post Office which would cause delay in the normal handling of mail arriving at Washington on that date, and that a piece of first-class mail addressed to The Tax Court of the United States, Washington, D. C., and arriving in the Washington Post Office at approximately 4:30 p. m. on December 2, 1950 would in normal course have been received by the Box Section of the Benjamin Franklin Station on the same day.

█ In support of The Tax Court's ruling, the Commissioner contends that the time limitation for filing the petition is statutory and jurisdictional, and that failure on the part of the taxpayer to file such a petition with the Tax Court within the 90-day period provided is a bar to its consideration. Such is the well established rule, which is not challenged by the taxpayer. Di Prospero v. Commissioner, 9 Cir., 176 F.2d 76; Stebbins' Estate v. Helvering, 74 App.D.C. 21, 121 F.2d 892;

Poynor v. Commissioner, 5 Cir., 81 F.2d 521.

■ We also agree with the Commissioner's contention that a failure to file the petition within the specified 90-day period, caused by matters over which the taxpayer has no control, such as delay in the mail service enroute from the taxpayer to the Tax Court, Di Prospero v. Commissioner, supra, failure of airplane mail service to function because of adverse weather conditions, Stebbins' Estate v. Helvering, supra, or because of other equitable considerations, Edward Barron Estate Co. v. Commissioner, 9 Cir., 93 F.2d 751, 753, does not prevent the rule from being applicable. The taxpayer does not contend otherwise.

But these rules do not prevent the Court from determining as a matter of law, for the purpose of computing the ninety-day period provided, the date on which the notice of disallowance was mailed, Eppler v. Commissioner, 7 Cir., 188 F.2d 95, or the date on which the petition was "filed," McCord v. Commissioner, 74 App. D.C. 369; 123 F.2d 164; Edward Barron Estate Co. v. Commissioner, supra; Arkansas Motor Coaches v. Commissioner, 8 Cir., 198 F.2d 189, concurring opinion of Judge Johnsen at page 194. The present case does not involve any extension of the ninety-day period, but does involve merely a determination of the date on which the petition was "filed" with The Tax Court. Petitioner contends it was so filed on December 2, 1950, which was within the ninety-day period. The Commissioner contends it was filed on December 7, 1950, which was after the expiration of the ninety-day period.

■ When mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail. Dunlop v. United States, 165 U.S. 486, 495, 17 S.Ct. 375, 41 L.Ed. 799; Crude Oil Corp. v. Commissioner, 10 Cir., 161 F.2d 809; Boerner v. United States, 2 Cir., 117 F.2d 387, 389–390; Stern Bros. & Co. v. Burnet, 8 Cir., 51 F.2d 1042, 1045; Haag v. Commissioner, 7 Cir., 59 F.2d 516, 517. This presumption is applicable to the present case, and is strengthened by the testimony of the Postmasters at Chicago and Washington to the effect that there was no interruption to normal mail service between those points on December 1st and 2nd, 1950, and that in the normal course of mail the letter would have arrived at Washington about 4:30 p. m. on December 2, 1950. The presumption is not rebutted by the fact that the letter might *possibly* have been lost or misplaced by postal employees before delivery to the mail box of The Tax Court, in the absence of any evidence as to when it was placed on the ledge beside the mail box, or when it came into the possession of the messenger from The Tax Court. Hand & Johnson Tug Line v. Canada S. S. Lines, 6 Cir., 281 F. 779. Accordingly, in the present case we accept as a fact that the petition mailed by the taxpayer to The Tax Court was delivered in due course of mail to the ledge beside the lock box of The Tax Court on December 2, 1950.

We are of the opinion that such a delivery by the Post Office constituted delivery to The Tax Court, although not a physical delivery to the Clerk's Office of The Tax Court. It had made delivery at the place directed by the addressee. At that time the Post Office had no further duty to perform in connection with its obligation to deliver. There is no twilight zone between delivery by the Post Office to the addressee, and receipt, either actual or constructive, by the addressee.

■ The Commissioner contends that Rule 5 of the Rules of Practice of The Tax Court, 26 U.S.C.A. § 1111 requires that any document to be filed with the Court, must be filed in the office of the Clerk of the Court during business hours. By Rule 1, business hours are from 8:45 a. m. to 5:15 p. m. The taxpayer addressed the petition to The Tax Court, using the address given to it by the Commissioner in the letter of disallowance. It was delivered to The Tax Court on December 2, 1950. It was delivered to The Tax Court's lock box instead of to the Clerk's office by direction of The Tax Court. Assuming for the purposes of this case, without so holding,

that Rule 5 was not waived by the action of The Tax Court in requiring its mail to be delivered to a lock box instead of at the Clerk's Office, McCord v. Commissioner, supra, we are of the opinion that the processing and handling of the petition by Tax Court employees thereafter was no concern of the taxpayer. Failure or unreasonable delay on the part of Tax Court employees to transfer it from the lock box to the Clerk's Office, or to stamp it as filed after receipt in the Clerk's Office, is not chargeable to the taxpayer. McCord v. Commissioner, supra; concurring opinion of Judge Johnsen in Arkansas Motor Coaches v. Commissioner, supra, 198 F.2d at page 194; Palcar Real Estate Co. v. Commissioner, 8 Cir., 131 F.2d 210, 213; Milton v. United States, 5 Cir., 105 F.2d 253, 255; Campbell v. Mason, 269 Ky. 128, 133, 106 S.W.2d 100. Treating Rule 5 as applicable, the petition was nevertheless legally filed in the Clerk's Office at the latest on the next business day after December 2, 1950.

The judgment of The Tax Court is reversed and the case remanded for hearing.