Joel YOHALEM, Petitioner,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent.**

**D. C. Transit System, Inc., Intervenor.**

No. 22865.

United States Court of Appeals District of Columbia Circuit.

June 13, 1969.

Mr. Douglas N. Schneider, Jr., Washington, D. C., was on the motion for respondent.

Messrs. Joel Yohalem and Morton E. Yohalem, Washington, D. C., were on the opposition to the motion for petitioner.

Mr. Harvey M. Spear, New York City, entered an appearance for intervenor.

Before BAZELON, Chief Judge, and WRIGHT, Circuit Judge, in Chambers.

PER CURIAM:

Appeal from a decision of the Washington Metropolitan Area Transit Commission is conditioned on the filing of a motion for reconsideration with the Commission within 30 days of the publication of the order in question.[1] Appellant sought to file such a motion on January 22, the thirtieth day after the issuance of an order increasing fares charged by D. C. Transit, but his agent arrived several minutes after the 4:45 P.M. closing time of the Commission's offices.[2] The agent thus slid the motion under the door, where it was seen roughly an hour later by a person appellant has alleged without contradiction to be the Executive Director of the Commission. The papers, however, were left on the floor that evening, and treated as if filed the next morning and hence late. Appellant asked the Commission to waive its rule limiting filing to normal office hours, but, in the belief that this would create a precedent requiring the presence of Commission employees at its office until midnight on numerous occasions, the Commission refused to waive its rule and consider on the merits the claims which appellant advanced. We hold that under the circumstances of this case, where the party seeks to raise issues of importance to the public, where the submission was only a few minutes late, and where the papers came to the attention of a responsible official of the Commission on the day tendered, even if only by accident, the Commission's refusal to treat the application as timely is an abuse of discretion. The Commission has not yet considered appellant's claims on their merits, and since we deem it inconsistent with the statutory pattern of review for us to consider claims that the Commission has not passed on, we remand the record to the Commission with directions to consider the application on the merits.[3] Since this court retains jurisdiction, the provision of the Compact providing for automatic stays of orders under reconsideration[4] shall not apply.

Our decision begins with the proposition that the statutory thirty day period does not expire until midnight of the thirtieth day,[5] and that the time bar in this case, if any exists, must arise from the Commission regulations. The Commission has cited cases holding that where normal office hours are established by regulation, filings must be during office hours to be effective.[6] This rule, however, is found primarily in cases concerning appeals by tax-payers, and it is not surprising that exceptions to the rule appear when cases involving the public interest arise. In Owens-Illinois Glass Co. v. District of Columbia,[7] the District government, representing the public interest, was allowed to file a cross appeal an hour after closing on the 30th day, after informing an official of the Board of Tax Appeals by telephone of the filing. Similarly, this court has

1. Washington Metropolitan Area Transit Regulation Compact, Title II, section 16.

2. This closing time is prescribed by Commission Regulation.

3. *Cf.* Dayton Power and Light Co. v. Federal Power Commission, 102 U.S.App.D.C. 164, 251 F.2d 875 (1957).

4. Compact, Title II, section 16.

5. Owens-Illinois Glass Co. v. District of Columbia, 92 U.S.App.D.C. 15, 204 F.2d 29 (1953).

6. Hiker & Bletsch Co. v. United States, 210 F.2d 847 (7th Cir. 1954) ; Stebbins' Estate v. Helvering, 74 U.S.App.D.C. 21, 121 F.2d 892 (1941) ; Lewis-Hall Iron Works v. Blair, 57 U.S.App.D.C. 364, 23 F.2d 972 (1928).

7. 92 U.S.App.D.C. 15, 204 F.2d 29 (1953).

held that when a party is actually inside the office at the official closing hour, assembling his papers to seek a public hearing which would serve "important public purposes beyond the narrower interests of the protestant," his filing must be accepted.[8] The opinions in these cases speak to the facts involved, but we deduce from their holdings the principle that when the public interest is involved and when the filing comes to the attention of responsible officials of the agency on the day tendered, a minor failure to comply with "normal office hours" should not bar acceptance of the filing as of the day it is actually made. Since the appeal in this case challenges the recent increase in bus fares, a question of great importance to the general public, and since the application for reconsideration came to the attention of the Executive Director of the Commission, albeit fortuitously, on the day it was submitted, it should have been accepted as of January 22.

So ordered.

---

8. Valley Broadcasting Co. v. Federal Communications Commission, 99 U.S.App.D.C. 156, 159, 237 F.2d 784, 787 (1956).