15 F.3d 1082
 73 A.F.T.R.2d 94-661
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ATLANTIC BELGRAVE FILM ASSOCIATES; Belgrave Entertainment
Associates, L.P., 1986 Series A, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 
 No. 92-70460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1993.*
Decided Dec. 28, 1993.
 Before: POOLE, BEEZER AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The tax court granted respondent's motion to dismiss for lack of jurisdiction due to petitioner's failure to file its petition within the time prescribed by 26 U.S.C. Sec. 6226(b)(1). Petitioner appeals. The tax court had jurisdiction pursuant to 26 U.S.C. Secs. 6226 and 7442. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We affirm.
 
 
 3
 We review de novo the decision of the tax court. See, Estate of Schnack v. C.I.R., 848 F.2d 933, 935 (9th Cir.1988).
 
 
 4
 Petitioner Belgrave Entertainment Associates ("BEA") challenges the decision of the tax court on two grounds. First, BEA argues that the notice it received was ambiguous and that, therefore, its late filing was caused by the IRS. Second, BEA argues that the notice it received was a duplicate of that sent to the tax matters partner, so that BEA was entitled to rely on the date of its notice for purposes of determining the filing deadline. We reject both these arguments.
 
 
 5
 * Under 26 U.S.C. Sec. 6223(a), the IRS is required to send notice of a final partnership administrative adjustment ("FPAA") first to the tax matters partner. This notice was mailed on December 21, 1990. Section 6223(d)(2) requires that notice of the FPAA be sent to notice partners within 60 days after the date the FPAA is mailed to the tax matters partner. This notice was mailed to BEA on February 5, 1991. The IRS complied fully with the statutory requirements in sending notice of the FPAA to BEA on a different date from that on which the FPAA was mailed to the tax matters partner.
 
 
 6
 BEA argues that the notice it received was fatally ambiguous because it reflected both the date the notice was mailed to BEA and the date the FPAA was mailed to the tax matters partner. Petitioner asserts that a notice partner could reasonably conclude from the presence of both dates on the form that the recipient was entitled to file a petition within 150 days from the date the FPAA was sent to the notice partner. We disagree.
 
 
 7
 The fourth paragraph of the notice provides:
 
 
 8
 If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code ... may petition one of these courts after the 90th day but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner.
 
 
 9
 We fail to see how this paragraph, taken in context of the statement near the top of the notice, "date FPAA mailed to tax matters person: 12-21-90," could be read in any way other than that intended. BEA argues that the first clause of this sentence creates ambiguity by referring to "the date the FPAA was mailed." Even if this first clause were unclear, the second clause is absolutely clear as to petitioner's duty to file within 150 days of the date the FPAA was mailed to the tax matters partner. This date, as noted above, is clearly indicated on the form. The first clause in no way confuses the message of the second. Taken together, there is but one reasonable interpretation of these two clauses.
 
 
 10
 Nor can we dismiss petitioner's admission that its accountant "skipped right down to the text itself," rather than reading the entire notice. In light of the failure of BEA's accountant to read that portion of the form specifying the date the FPAA was mailed to the tax matters partner, we cannot hold the IRS responsible for BEA's failure to file a timely petition.
 
 
 11
 We hold that BEA received unambiguous notice of the time in which to file a petition and has been afforded due process. Petitioner further cannot demonstrate, on these facts; that its failure arose out of excusable neglect.
 
 II
 
 12
 BEA also argues that it was entitled to rely on the date the FPAA was mailed to it because the taxpayer is always entitled to rely on the latest-mailed notice for purposes of calculating the time to file. BEA relies on Tenzer v. Commissioner, 285 F.2d 956, 958 (9th Cir.1960), and Eppler v. Commissioner, 188 F.2d 95, 98 (7th Cir.1951). These cases are inapposite, as they involve second notices sent after first notices were not delivered to the taxpayers. As noted above, Sec. 6223 specifically provides that the FPAA shall be sent first to the tax matters partner, and then to other notice partners. The notice BEA received clearly indicated the date on which notice was provided to the tax matters partner. The notices are not "duplicates," within the meaning of Tenzer and Eppler.
 
 III
 
 13
 The decision of the tax court is affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3