JEROME F. MANNING *vs.* ASA FRENCH & others.

Middlesex.　January 9, 10, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Attorney and Counsellor — Disbarment — Court of Commissioners of Alabama Claims — Judges.*

The Court of Commissioners of Alabama Claims, under the acts of Congress creating it and extending its existence, had the power to make rules defining the qualifications of attorneys to be admitted to practise before it, and to prohibit, after due notice and hearing, an attorney duly admitted from further practising before it; and the judges of such court did not become thereby individually liable to an attorney disbarred by them.

The judges of the Court of Commissioners of Alabama Claims continued, by virtue of their original appointment, to be judges of that court during its entire existence.

TORT to recover damages from the judges of the Court of Commissioners of Alabama Claims for prohibiting the plaintiff from practising as an attorney in that court. The defendant French, upon whom only service was made, alone defended. Trial in the Superior Court, without a jury, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

The following facts appeared in evidence. The Court of Commissioners of Alabama Claims was established by the act of Congress of June 23, 1874, c. 459, re-established by the act of June 5, 1882, c. 195, and continued by the act of June 3, 1884, c. 62. The defendant French was commissioned and qualified as a judge on or about July 5, 1882; the defendant Harlan was

also commissioned at or about July 5, 1882, and the defendant Draper not until 1885. The court in 1874 adopted, among other rules, the following: "Rule V. Any person of good moral character admitted to practise as attorney or counsel in the Supreme Court of any State, or Territory, or the District of Columbia, or in any of the federal courts, on filing with the clerk a written statement of the date and place of such admission, with his name and post-office address in full, may, on motion, be admitted to practise in this court"; and in 1882, among additional rules, the following: "Rule XIV. All attorneys admitted to practise in the Court of Commissioners of Alabama Claims, as created under the law of Congress approved June 23, A. D. 1874, will be recognized as attorneys in this court, re-established under the law of Congress, approved June 5, 1882."

The plaintiff, who was an attorney and counsellor at law, duly admitted to practise in the Supreme Court of the United States, in the Court of Claims of the United States, and in all the courts of this Commonwealth, was in 1875, on motion, admitted to practise as an attorney and counsellor before the Court of Commissioners of Alabama Claims, and prosecuted before that court many of such claims, and became entitled to receive from the claimants many thousands of dollars.

A copy of the "record of proceedings In re Jerome F. Manning," in the Court of Commissioners, duly attested, was put in evidence, and recited among other things the following.

On July 24, 1885, the court, consisting of the Hon. James Harlan, Presiding Judge, and the Hon. Asa French and the Hon. A. S. Draper, Associate Judges, passed the following order:

"Ordered, That because of flagrant unprofessional conduct on the part of Jerome F. Manning, an enrolled attorney and counsellor at law on the records of this court, he, being uninvited and refused admittance to its consultation room, July 23, 1885, then occupied by the court sitting in chambers engaged in the transaction of its official duties, nevertheless forced his way into said room, and interrupted the court in the prosecution of its official work by unseemly threats, then and there uttered against one of the judges thereof because of an official opinion delivered from the bench in open court by said judge as the organ of the court in the announcement of a decision in a

case pending before it; therefore, for the purpose of preventing the occurrence of like attempted intimidations in future on the part of said Manning, and preserving the freedom of the court in the discharge of its judicial duties, the said Jerome F. Manning is hereby commanded to appear before this court, Saturday, July 25, 1885, at ten o'clock A. M., and show cause, if any there be, why his name shall not be stricken from the rolls of attorneys and counsellors at law authorized to practise before this court. The clerk of this court is hereby directed to give notice hereof to the said Manning, by causing an attested copy of this order to be served personally on him forthwith."

On July 25, 1885, after the clerk, by direction of the court, had read the above order in open court, Manning made a statement, disclaiming any intention of interrupting or insulting the court, and asked for a postponement of the hearing until July 27, 1885; but the court consented to postpone the hearing only until four o'clock P. M. of the same day, at which hour Manning appeared with counsel, who filed and read affidavits and addressed the court in defence of Manning; and the court thereupon held the matter for advisement.

The court, on July 29, 1885, after a statement signed by all three of the judges, which set forth in detail the conduct of the plaintiff as outlined in the above order of July 24, and the circumstances attending his interruption of the court while in consultation, together with the reasons guiding the court in its action, made the following decree: " Ordered, that for the reasons set forth in the rule to show cause, and in the statement accompanying this decree and made a part thereof, the said Jerome F. Manning be, and he hereby is, prohibited from appearing and acting in this court in relation to any matter or business therein pending, and from exercising in any way the functions of an attorney and counsellor of this court. This decree to stand until further order of the court."

On the same day the court also made the following order: " Ordered, that the clerk of the court is hereby authorized to substitute the name of any attorney of this court in place of said Jerome F. Manning in any case, upon the receipt of the request in writing from the claimant therein, or from his legal representatives, to that effect."

Subsequently, on October 15, 1885, the court declined to entertain a motion made on behalf of Manning to rescind the order of disbarment of July 29, 1885, and stated the conditions under which only it would grant such a motion.

The defendant French admitted that he concurred with the other members of the court in issuing and enforcing the orders of July 24 and 29, and that the plaintiff was thereby damaged, and contended that the Court of Commissioners of Alabama Claims had authority to issue and enforce the same, and that any loss sustained by the plaintiff thereby was *damnum absque injuria.*

The plaintiff introduced evidence tending to show that each of the allegations in his declaration was true; contended that Rules V. and XIV. were unauthorized and of no effect, and that the said Court of Commissioners had no power to create a bar, or to admit attorneys thereto, or to expel them therefrom; and asked the judge to make the following rulings :

" 1. That the Court of Commissioners of Alabama Claims had no authority to make the order made by them touching the plaintiff, on July 29, 1885, and that the same was unlawful.

" 2. That the defendant French, having admitted that he concurred with the other defendants in issuing and enforcing said order of July 29, 1885, and that the plaintiff was thereby injured, the plaintiff is entitled to recover from said French compensation for all losses sustained by him as the direct result of said order of July 29, 1885, and of the enforcement thereof from thence to December 31, 1885.

" 3. That more than two years having elapsed after the reorganization of the Court of Commissioners of Alabama Claims, under the act of June 5, 1882, and after the appointment of the defendant French and the other defendants, but prior to July 24, 1885, the said French and the other defendants had, on said last mentioned day and thereafter, no lawful authority to act as judges of said Court of Commissioners of Alabama Claims."

The judge declined so to rule, found the facts to be as stated in the copy of the record of the court, and ruled that the action could not be maintained; and found for the defendant. The plaintiff alleged exceptions.

*C. Cowley,* for the plaintiff.

*C. T. Russell, Jr.,* for the defendant French.

FIELD, J.   The act of Congress approved June 5, 1882, (22 U. S. Sts. at Large, 98,) provided in § 1, " that the Court of Commissioners of Alabama Claims, created by chapter four hundred and fifty-nine of the laws of the Forty-third Congress, is hereby re-established, in the manner and with the obligations, duties, and powers imposed and conferred by said chapter, except as changed or modified by this act"; in § 2, " that the number of judges for said court, to be nominated and appointed in the mode directed by section two of said chapter, shall be three, each to receive the compensation provided by section four of said chapter"; in § 3, " that the judges of the court hereby re-established shall convene and organize, in the city of Washington, as soon as practicable after their appointment, and the court so organized shall exist two years "; and in § 4, " that the practice and proceedings established and directed by said chapter four hundred and fifty-nine shall be followed and had in regard to all claims provable under this act," etc.

The act of June 23, 1874, which is the act referred to as chapter 459 of the laws of the Forty-third Congress, provided in § 1 for the appointment by the President, by and with the advice of the Senate, of five suitable persons, " who shall constitute a court, to be known as the ' Court of Commissioners of Alabama Claims,' " each of whom " shall take the oath of office prescribed by law to be taken by all officers of the United States"; and in § 2, that " said judges shall meet and organize said court in the city of Washington, where the said court shall hold its sittings."   Section 3 provided " that the said court be, and it is hereby, authorized to publish notice of its sessions, and to make all needful rules and regulations not contravening the laws of the United States or the provisions of this act, for regulating the forms and modes of procedure before the said court, and for carrying into full and complete effect the provisions of this act.   Such rules and mode of procedure shall conform, as far as practicable, to the mode of procedure and practice of the Circuit Courts of the United States; and the said court is hereby vested with the same powers now possessed by the Circuit and District Courts of the United States

to compel the attendance and testimony of parties, claimants, and witnesses, to preserve order, and to punish for contempts," etc. The statute also provided for the appointment of a clerk and a short-hand reporter, and the designation of a counsellor at law to act as counsel for the United States. By section 8 of this act the court was to continue to exist " for one year from the date of its first convening and organizing," and if it was found impracticable for the court to complete its work within the year, the President was authorized by proclamation to extend the existence of the court for a further period not exceeding six months. The existence of this court was extended by proclamation of the President and by subsequent acts of Congress until January 1, 1887, when it expired by limitation of time. Proclamation of June 2, 1875, 19 U. S. Sts. at Large, 661. U. S. St. of Dec. 24, 1875, 19 U. S. Sts. at Large, 1. U. S. St. of March 6, 1876, 19 U. S. Sts. at Large, 6. U. S. St. of July 22, 1876, 19 U. S. Sts. at Large, 96.

By the act of June 5, 1882, the court as re-established was to exist for two years, but by the act of June 3, 1884, (23 U. S. Sts. at Large, 33), it was provided that the existence of the court " be, and the same is hereby, continued and extended to the thirty-first day of December, in the year eighteen hundred and eighty-five, with the same effect, and no other, as if said last named day had been named in the said act for the termination of the powers of said court; and said act is hereby continued in force during the period of extension hereby authorized."

The complaint of the plaintiff is, that the judges of this court, of whom the defendant was one, on July 25, 1885, passed an order as follows: " Ordered, that for the reasons set forth in the rule to show cause, and in the statement accompanying this decree and made a part thereof, the said Jerome F. Manning be, and he hereby is, prohibited from appearing and acting in this court in relation to any matter or business therein pending, and from exercising in any way the functions of an attorney and counsellor of this court. This decree to stand until further order of the court." The reasons are set out in the preamble to the order, which is made a part of the record. It appeared that the court, established by the act of June 23, 1874, had adopted rules, of which Rule V. was as follows: " Any person of good

moral character admitted to practise as attorney or counsel in
the Supreme Court of any State or Territory, or the District of
Columbia, or in any of the Federal courts, on filing with the
clerk a written statement of the date and place of such admis-
sion, with his name and post-office address in full, may, on mo-
tion, be admitted to practise in this court." The plaintiff had
been duly admitted as an attorney in the courts of this Com-
monwealth and in the Supreme Court of the United States, and
in the Court of Claims, and was on January 26, 1875, on mo-
tion, admitted to practise in the Court of Commissioners of Ala-
bama Claims. The court, which was re-established by the
act of June 5, 1882, adopted the old rules, and made certain
additional rules, one of which is as follows: "Rule XIV. All
attorneys admitted to practise in the Court of Commissioners
of Alabama Claims, as created under the law of Congress ap-
proved June 23, A. D. 1874, will be recognized as attorneys in
this court, re-established under the law of Congress, approved
June 5, 1882." The plaintiff was recognized as an attorney by
the court as re-established, and as such had filed and was prose-
cuting many claims before the court. It does not appear that
the plaintiff himself was a claimant in any cause, or that he had
any business before the court except as an attorney for others.

The plaintiff contends that the judges who, in fact, composed
the court on July 25, 1885, were not lawfully in office, and
particularly that the defendant French was not then lawfully
in office. It appears that French was commissioned and quali-
fied as judge " on or about July 5, 1882." The argument is,
that, as by the act of June 5, 1882, the existence of the court
was limited to two years, the commission of Judge French had
expired before July 25, 1885, when the court passed the order
of which the plaintiff complains. It is contended that, when
the existence of the court was continued beyond two years by
the U. S. St. of June 3, 1884, it was necessary that the judges
be reappointed in order lawfully to hold their office during the
continued existence of the court.

We deem it unnecessary to consider whether the plaintiff's
rights in the matter of his complaint would be greater against
a judge *de facto* than against a judge *de jure*. It does not
appear that the judges were originally commissioned for any

definite time. The acts of Congress do not prescribe any definite term of office. If they were judges within the meaning of § 1 of Article III. of the Constitution of the United States, they held their offices during good behavior; if not, they held their offices during the pleasure of the President, subject to the laws regulating the tenure of office. In either case, they would cease to hold their offices when the court ceased to exist, and they would continue to hold their offices while the court continued to exist, unless they were lawfully removed. It was within the power of Congress, by statute, to extend the existence of the court before the original term of its existence expired, and the judges by virtue of their original appointment continued to be judges while the court continued to exist. The plaintiff contends that the court had no power to admit attorneys to practise before it, and no power to prevent any person from practising before it. One argument is, that this was not an inferior court of the United States, within the meaning of § 1 of Article III. of the Constitution of the United States. We assume, without consideration, that it was not such a court, and that, like the courts of the Territories of the United States, it had only the powers which the statutes conferred upon it. *American Ins. Co.* v. *Canter*, 1 Pet. 511. *Clinton* v. *Englebrecht*, 13 Wall. 434.

Under the powers granted by the acts of Congress, and especially under the power granted by § 3 of the act of June 23, 1874, we are of opinion that the court, having authority to make rules for regulating the forms and modes of procedure before it, and for carrying into full and complete effect the provisions of the act, had, as included in this grant of power, the authority to make rules for the admission of persons to prosecute claims before the court as agents or attorneys for claimants. It is manifest that it was not intended by the statutes that claimants should be compelled personally to present their claims. The court established by the act of June 23, 1874, had established and published rules of procedure, including a rule for the admission of attorneys; and Congress, by the act of June 5, 1882, re-established the court, with the powers conferred by the former act, and provided that the practice and proceedings established and directed by that act should be followed, " except as changed or modified by this act ";

and no change or modification was made by the act of June 5, 1882, in the power of the court to make all needful rules and regulations.

If the court had the power to prescribe by rule the qualification of attorneys to be admitted to practise before it, the court had the power to determine whether the persons who asked to be admitted had the requisite qualifications, and whether persons who had been admitted retained the requisite qualifications. The power of the court to determine whether an attorney already admitted was a fit person to remain an attorney, is involved in the general power to make rules for the admission of attorneys. The plaintiff has not been deprived of his office of attorney at law by the order complained of. The fact that he had been admitted as an attorney at law in the Supreme Court of the United States, in the courts of Massachusetts, and in the Court of Claims of the United States, did not confer upon him the right to practise before the Court of Commissioners of Alabama Claims, and the order complained of has not removed him from the bar of any of those courts. The proceedings against the plaintiff were not in the nature of proceedings for contempt. The rule to show cause was, that he appear and show cause why his name should not be stricken from the rolls of attorneys and counsellors at law authorized to practise before this court, " because of flagrant unprofessional conduct." Congress, as we construe the statutes, saw fit to grant to the Court of Commissioners of Alabama Claims the power to determine who should practise before it as attorneys, and in the exercise of this power, after notice to the plaintiff and a hearing, that court prohibited the plaintiff from further exercising before it the functions of an attorney of the court. Congress had the right to confer this power exclusively upon that court, to be exercised as a judicial power, and the judges of the court are not liable to individuals for judicial acts done within their jurisdiction. *Randall* v. *Brigham,* 7 Wall. 523. *Randall, petitioner,* 11 Allen, 473.

*Exceptions overruled.*