## GOLDSMITH v. UNITED STATES BOARD OF TAX APPEALS.

(Court of Appeals of District of Columbia. Submitted February 4, 1925. Decided March 2, 1925.)

No. 4257.

1. Attorney and client ⚖➡2—Board of Tax Appeals authorized to make rules regulating admission to practice.

Under Act June 2, 1924, § 900, United States Board of Tax Appeals has power to make rules regulating admission of persons to appear before it as attorneys or agents, particularly in view of sections 274, 279, 308, and 312.

2. Mandamus ⚖➡4(1)—Cannot be made to perform office of an appeal or writ of error.

Mandamus cannot be made to perform office of an appeal or writ of error.

3. Attorney and client ⚖➡7—Board of Tax Appeals held not to have abused discretion in denying permission to practice.

United States Board of Tax Appeals held not to have acted arbitrarily or abused its discretion in denying permission to practice before it to one who had been discharged from position in New York comptroller's office for alleged violation of duty, and had been denied permission to appear before Treasury Department after extended hearing.

4. Attorney and client ⚖➡7—Board of Tax Appeals held to have properly considered record of hearing on similar application for permission to practice.

United States Board of Tax Appeals, on application for permission to practice before it, held to have properly considered record of hearing on similar application before Treasury Department.

5. Attorney and client ⚖➡4—Right to practice before governmental department privilege subject to limitations and conditions.

Right to practice before one of departments of government as attorney is not inherent, but a privilege granted by law, and subject to limitations and conditions necessary for protection of both department and public.

Appeal from Supreme Court of District of Columbia.

Suit by H. Ely Goldsmith for writ of mandamus to compel the United States Board of Tax Appeals to enroll him as an attorney. From a judgment dismissing his petition, he appeals. Affirmed.

Mark Stearman and Henry Stearman, both of Washington, D. C., and H. E. Goldsmith, of New York City, for appellant.

Peyton Gordon and V. E. West, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is an appeal from a judgment in the Supreme Court of the District of Columbia dismissing appellant's petition for a writ of mandamus to compel the Board of Tax Appeals to enroll him as an attorney.

[1] The case was disposed of on the demurrer of the appellee to appellant's reply to its answer to his petition. Since appellant challenges the authority of the appellee, hereinafter called the Board, "to make rules limiting taxpayers in the choice of their agents for the transaction of taxpayers' business" before the Board, that question will be determined first.

The Board was created by section 900 of the Act of June 2, 1924 (43 Stat. 253, 336). The permanent Board is composed of seven members, appointed by the President and confirmed by the Senate. No member of the Board "shall be permitted to practice before the Board or any official of the Bureau of Internal Revenue for a period of two years after leaving office." It shall at least biennially designate a member to act as chairman, and shall have a seal "which shall be judicially noticed." It is made the duty of the Board and its divisions to "hear and determine appeals filed under sections 274, 279, 308, and 312," and in any proceeding in court under those sections and in any suit or proceeding by a taxpayer to recover any amounts paid in pursuance of a decision of the Board, "the findings of the Board shall be prima facie evidence of the facts therein stated." Notice and opportunity to be heard shall be given the taxpayer. "The proceedings of the Board and its divisions shall be conducted in accordance with such rules of evidence and procedure as the Board may prescribe." (Italics ours.) Authority is conferred upon the Board and each member of it to administer oaths, examine witnesses, and require, by subpoena ordered by the Board, the attendance and testimony of witnesses, etc.

Consideration of this act as a whole convinces us that it was intended by Congress to confer upon the Board quasi judicial powers, and that hearings before it were intended to be and are of a quasi judicial character. The provision expressly authorizing the Board to promulgate rules of evidence and procedure is general and comprehensive and, construed in the light of the context, must be held to authorize the Board to make and enforce reasonable rules for the admission of persons to appear before it as agents or attorneys. The recognition by Congress that agents or attorneys would appear be-

fore this Board, as before other quasi judicial tribunals, is apparent from the provision prohibiting a retiring member of the Board from practicing "before the Board or any official of the Bureau of Internal Revenue for a period of two years after leaving office."

In Manning v. French, 149 Mass. 391, 21 N. E. 945, 4 L. R. A. 339, the court construed the Act of June 23, 1874 (18 Stat. 245), creating the Alabama Claims Commission and empowering it to make rules for regulating the forms and mode of procedure before it, as a grant of power to make rules for the admission of persons to prosecute claims before the Commission. The language of that statute was no more comprehensive than that before us and the reasoning and conclusion of the court are apposite here.

[2] But appellant contends that, even assuming the power of the Board to prescribe rules governing practice before it, its decision in his case was so arbitrary and capricious as to require the court to set it aside and peremptorily direct his recognition as an agent and attorney. It is hardly necessary to cite authorities to the effect that the writ of mandamus can not be made to perform the office of an appeal or writ of error, but see Moore v. U. S. ex rel. Lindmark, 33 App. D. C. 597; Moore v. Heany, 34 App. D. C. 31; U. S. ex rel. McKenzie v. Fisher, 39 App. D. C. 7; U. S. ex rel. Hall v. Lane, 48 App. D. C. 279; Briggs v. Commissioner of Patents, 48 App. D. C. 175.

[3] The real question, therefore, is whether there has been an abuse of discretion, or an arbitrary exercise of discretion, by the Board. The facts developed by the pleadings are substantially as follows: Under rule 2 of the published rules of the Board, a register of persons entitled to practice before it is provided and the qualifications of applicants for admission are stated, the Board reserving authority, in its discretion, to deny admission, suspend or disbar any person. Appellant duly filed his petition, upon a blank furnished by the Board, seeking enrollment as a person entitled to practice before it. His petition was referred to a committee and notice sent him to this effect and advising that he would be further notified if the committee desired his presence. To this he does not appear to have responded. He was then notified that his application "for authority to practice before the Board of Tax Appeals" had been "received, considered, and denied." Without requesting a further hearing, appellant then filed his petition herein, upon which a rule to show cause issued. An answer thereto was filed, from which it appears that the unanimous decision of the Board denying appellant's application was "based upon the judgment and determination that the petitioner [appellant] is lacking in integrity, is of bad character and reputation, is untrustworthy, and is unworthy of the confidence necessarily imposed by any judicial, quasi judicial, or administrative body of the government in practitioners appearing before it to represent taxpayers or clients"; that in reaching this decision the Board had considered the following: That appellant had been discharged from a position in the comptroller's office of the state of New York for alleged violation of the duties of his position, and that mandamus proceedings to compel his reinstatement had been decided against him by all the courts of that state; that on March 14, 1921, he had filed with the Secretary of the Treasury of the United States an application for enrollment as an accountant or agent to represent others before the Treasury Department; that charges were preferred against him by the Commissioner of Internal Revenue; that, after an extended hearing before the Committee on Enrollment and Disbarment of the Department (in which appellant appeared, cross-examined witnesses, and testified), his application was rejected upon the ground that he was not a person qualified to represent others before the department. A copy of the material portions of the record in that proceeding was attached to and made a part of the return herein. Appellant contented himself with excepting "to the consideration of this matter by the respondent [Board] on the ground that it was at best hearsay evidence."

[4, 5] In view of the fact that appellant participated in that hearing and was a witness there, we are of opinion that the Board properly considered that record, along with other evidence, in reaching its conclusion. It is significant that appellant does not challenge any of the testimony in that proceeding. We shall not attempt to analyze the evidence further, since it was of such a character as, in our view, fully to justify the conclusion reached by the Board. As we said in Phillips v. Ballinger, 37 App. D. C. 46, 50, the right to appear before one of the Departments of the Government is not an inherent right, "but a privilege granted by law and subject to such limitations and conditions as are necessary for the protection both of the Department and the public."

Since there was no abuse of discretion by

the Board, it results that the judgment must be affirmed, with costs.

Affirmed.

Petition for allowance of writ of error to remove cause to the Supreme Court of the United States granted March 7, 1925.