**LAUGHLIN v. CLEPHANE et al.**

**Civ. A. No. 914–47.**

District Court of the United States for the
District of Columbia.

May 1, 1947.

104

James J. Laughlin, of Washington, D. C., in pro. per.

Roger J. Whiteford, and Spencer Gordon, both of Washington, D. C., for defendant.

REEVES, District Judge.

The question for decision in this case is whether the amended complaint shows on its face a lack of jurisdiction, but, conceding jurisdiction, whether complaint states a valid claim against the defendants or any of them upon which relief can be granted.

In the complaint the plaintiff invoked jurisdiction perforce certain provisions of Title 31, U.S.C.A. §§ 231 and 232 commonly known as the informer statutes. Pertinent portions of Section 231 relied upon by the plaintiff are, " * * * who enters into any agreement, combination, or conspiracy to defraud the Government of the United States, or any department or officer thereof, by obtaining or aiding to obtain the payment or allowance of any false or fraudulent claim, etc."

Plaintiff's complaint is in three counts. The first count in substance states that the several defendants have been designated by the District Court of the United States for the District of Columbia to serve on a committee known as the "Committee on Admissions and Grievances" to determine fitness for membership in the bar and to exercise certain supervisory and disciplinary action over members of the bar.

In relation to admissions to the bar plaintiff charges that certain fees have been provided by rule of court and that applicants for admission to the bar have been required to pay such fees, and, "that the amounts paid by the candidates represent money belonging to the United States Government and should be paid into the Registry of the Court under the Supervision of the Clerk of the District Court of the United States, and at proper time, unexpended balances should be deposited in the Treasury of the United States, as required by existing law and regulation."

It is asserted by plaintiff that under the law the Comptroller General of the United States is required to audit accounts of the courts, including this account, but that the defendants have so handled said monies and deposit as to remove it from the supervision of the proper authorities.

There is an averment that the defendants, "have agreed among themselves and with each other that the amounts paid, as referred to above, shall be divided up among the defendants, and each of them, and the amounts have been divided up and distributed among each of the defendants."

After averments as to the amount thus collected and distributed over the period from 1939 to 1946 inclusive, the plaintiff asks, in substance, for an accounting and that such disbursements as may have been invalid be added to the balance on hand and that the whole thereof "be returned to the Treasurer of the United States" by the defendants.

The second count complains of alleged irregularities in examinations of applicants and the denial of admission to a large percentage of those who have applied for admission to the bar. The relief sought is that the examination papers be preserved and retained subject to the order of the court and such authorization as the Congress may give with respect to their destruction.

The third count asserts the illegal and unconstitutional functioning of the Committee because no person of the colored race is made a member of the Committee, and thus and thereby it is charged a discrimination operates against applicants of the colored race. The reason assigned for such alleged irregularity and unconstitutionality is, "that there has been a systematic exclusion of colored attorneys from membership on the Committee and this is contrary to our theory of Government, etc."

In a general prayer at the end of the three counts the plaintiff asks judgment conformable to the provisions of so-called "Informers Act" and that the plaintiff have judgment in the penal sums authorized by such statute.

In addition to restraining orders to preserve the status quo, the plaintiff asks for the appointment of a master, "to conduct hearings and take testimony as to the methods insofar as the examinations are concerned in order that it may be definitely determined whether the markings are given in good faith, and to take testimony to determine as to whether or not there has been a systematic exclusion of members of the colored race from membership on the Admissions and Grievance Committee of the District Court of the United States for the District of Columbia, and to take testimony to determine whether there shall be a right of appeal to an unsuccessful applicant."

It was to this complaint that the defendants interposed the challenge hereinbefore mentioned.

As postulates to a consideration of the case and a proper determination thereof certain basic facts and principles should be stated.

1. As attorneys are officers of the court, the power to admit applicants to practice law is judicial and not legislative and is vested in the courts only. It is the duty of the court to exercise and regulate the admission of applicants to the bar by sound and just judicial discretion. In re Secombe, 19 How. 9, 15 L.Ed. 565; 6 C.J. § 16, p. 571; 7 C.J.S., Attorney and Client, § 6.

It is even denied by some courts that the legislature has power to prescribe regulations for the administration of justice in the courts. However that may be, the Congress has expressly authorized the district court to promulgate and enforce rules with respect to examination, qualification and admission of persons to membership in the Bar of the District of Columbia, as follows: "The District Court of the United States for the District of Columbia in general term shall have full power and authority from time to time to make such rules as it may deem proper respecting the examination, qualification, and admission of persons to membership in its bar. * * *." D.C.Code 1940, § 11—1301. This is a statutory concession to the general rule that the courts may make rules of procedure regulating the administration of justice in the absence of statutes. Woodbury et al. v. Andrew Jergens, 2 Cir., 61 F.2d 736.

2. It is well recognized that lawyers are officers of the court, but a member of the federal bar is not an officer of the United States. Bowles v. United States, 4 Cir., 50 F.2d 848.

Both the admission and the disbarment of a lawyer is a judicial act. Randal v. Brigham, 7 Wall. 523, 74 U.S. 523, 19 L.Ed. 285.

The reason why lawyers are officers of the court is that they are admitted by order of the court. National Savings Bank of District of Columbia v. Ward, 100 U.S. 195, 25 L.Ed. 621.

3. It is a rule pervading all of the taxing laws of the government that a tax cannot be imposed without clear and express words for that purpose. United States v. Isham, 17 Wall. 496, 84 U.S. 496, 21 L.Ed. 728.

A thing is not considered a tax unless it is plainly within the meaning of the words used. Brown v. United States, D. C., 298 F. 177.

4. Apart from any statutory law a court of record possesses the inherent power to provide the necessary assistance as a means of conducting its business with reasonable dispatch and the court itself may determine the necessity. 15 C.J. § 205, pp. 871, 872; 21 C.J.S., Courts, § 142. In re Utilities Power & Light Corporation, 7 Cir., 90 F.2d 798, loc. cit. 800. And, in like manner, the right to compensation may rest upon the inherent power of a court of record to appoint. 15 C.J. § 211, p. 873; 21 C.J.S., Courts, § 142.

With the foregoing predicates or postulates in mind a discussion of the questions involved would be clarified.

5. The District Court exercised not only an inherent power but a

statutory right to promulgate rules with respect to admissions of attorneys to practice at its bar. In doing this it had a right to call to its assistance the Committee designated as a Committee on Admissions and Grievances. It would be idle to exercise a power to admit to the bar unless it at the same time exercised power of supervision, and, in proper cases, order disbarments. No one can question the right of the court thus to proceed and no one can question the right of the Committee appointed under the rules so promulgated to perform the functions it is alleged were performed in this case. Moreover, it was the right of the court to compensate the members of the Committee for their services. The averments of the complaint show that the Committee not only performed an extensive service, but assumed a heavy responsibility. The court, in the exercise of an authorized as well as an inherent power, rightfully accumulated a fund in order that it might make effective the rules that it had promulgated. This fund did not belong to the United States but belonged to the court and was to be administered in a manner outlined by the court. The court did not fail to promulgate a rule with respect to the fees received from applicants. It was provided as follows: "All fees paid pursuant to this rule shall be applied by said committee as it shall decide." The fund thus created was available for the purpose for which it was created and was not a tax nor was it intended as a tax. Taxing laws are enacted by the Congress. It is true that revenue measures may supplement or attach to enactments appertaining to administrative matters. As heretofore stated, such taxing measures must be clear and unambiguous. Whether the Congress would have a right to legislate with respect to this fund or any residue or unused portion is a matter that need not be decided in this case.

 Since the plaintiff invoked jurisdiction under the provisions of Section 231, Title 31 U.S.C.A. and the following sections it is clear that jurisdiction fails for the reason that the Committee on Admission and Grievances, the defendants in this case, did exactly what they were authorized to do and what they had a right to do. There can be no wrong or fraud in doing a legitimate act in a lawful way.

The statute invoked involves a claim where fraud has permeated the transactions and vitiated a payment to the extent that an informer may be rewarded for uncovering the fraud. United States ex rel. Brensilber et al. v. Bausch & Lomb Optical Co. et al., 2 Cir., 131 F.2d 545.

6. Wholly apart from the jurisdiction claimed in the first count, by invoking said 31 U.S.C.A. § 231, supra, no effort is made to justify jurisdiction of the second count or the third count. These are matters that appertain to the examination of applicants and have no relation whatever to jurisdiction conferred because of fraudulent claims against the government.

 Briefly discussing the second count, with respect to failures of applicants to meet the required standards it should be recalled that not only does the examination involve learning but also moral character. Goldsmith v. United States, 55 App.D.C. 229, 4 F.2d 422. One may be very learned and yet of such character that the courts could not properly grant admission. Examination papers are not part of the records of the court but belong exclusively to the Committee. The members of the Committee are officers of the court, but not officers of the United States. It was the method adopted by the Committee to enable it, in a supervisory way, to perform its functions in ascertaining the fitness of an applicant to practice law in the court. The court did not rely upon the examination papers but upon the report of the Committee with its recommendation. There are no reasons why the Committees should not, after a lapse of time, destroy the memorandum upon which it based its report. If an applicant felt that he had been wronged there were and are remedies available to him. See Carver v. Clephane, 78 U.S.App.D.C. 91, 137 F. 2d 685.

As indicated hereinbefore, there is nothing in this count that would warrant the court in claiming jurisdiction, but, on the contrary, the court has no jurisdiction. The remedy would be an informal com-

plaint made to the judges as an appeal to their discretion.

7. On the third count it is complained that colored attorneys have not been appointed to membership on the Committee. It is the right of the judges to exercise a discretion in securing capable members of the bar to serve and assist them in supervising the admission of lawyers to the bar and to supervise their conduct after such admission. This is an administrative matter and does not appertain to the rights of litigants. It would be as logical to say that a public officer should make appointments not alone from those who are qualified to serve, but to recognize races and callings and avocations and distribute such offices to representatives of such different or diverse groups upon peril of conducting the office illegally.

Again, this is a matter to be presented informally to the judges. It is presumed that officers will do their duty and will exercise a sound discretion in matters of this kind. Otherwise public officers, or a court as in this case, would be robbed of their inherent right to administer the affairs of the office in a way deemed proper by them or it.

The motion to dismiss should be sustained upon both grounds, namely (a) the court is without jurisdiction, and (b) a justiciable claim or cause is not stated by the plaintiff. It will be so ordered.