### CAMP v. HERZOG et al.

No. 4941–51.

United States District Court
District of Columbia.

April 7, 1952.

Motion for Modification Denied
April 30, 1952.

C. E. Rhetts (of Reilly, Rhetts & Ruckelshaus), Washington, D. C., for plaintiff.

A. Norman Somers, Asst. Gen. Counsel, N.L.R.B., Irving M. Herman, Attorney, N.L.R.B., Rosemary Filipowicz, Managing Attorney, N.L.R.B., all of Washington, D. C., for defendants.

MORRIS, Judge.

This action is brought to secure certain relief from an order entered on September 10, 1951, wherein the plaintiff was barred and prohibited from practicing or appearing before the National Labor Relations Board as counsel, attorney, representative or agent for a period of two years from the date thereof, it being alleged that said order is without authority of law. The defendants assert that the plaintiff, while appearing as an attorney at a hearing before a trial examiner at Rankin, Texas, on October 26, 1949, made an unprovoked assault upon E. Don Wilson, who was participating in said hearing as attorney for the General Counsel of the defendant Board. Following the assault, the trial examiner excluded the plaintiff from further participation in the case pursuant to Section 102.44 of the Board's Rules and Regulations, Series, 5, 29 U.S.C.A.Appendix, which provided for the exclusion from the hearing of persons engaged in contemptuous conduct. Upon petition of the General Counsel, the Board issued an order on November 25, 1949, directing the plaintiff to show cause on or before December 8, 1949, why he should not be barred from further practice before the Board, or why the Board should not take other appropriate disciplinary action because of the conduct alleged in the General Counsel's petition. Thereafter the plaintiff brought action in this Court to restrain the Board from proceeding with the hearing, which action was dismissed upon motion upon the ground that the same was premature. Upon appeal, the action of this Court was affirmed. After numerous continuances a hearing was commenced before the Chief Trial Examiner at Fort Worth,

136

Texas, on October 17, 1950, continued through October 19th, and adjourned to Abiline, Texas, where testimony was taken on October 20th. On October 23rd the hearing was resumed and continued at Rankin, Texas, through October 24th. The hearing was completed and closed with the taking of testimony at Washington, D. C., on November 10, 1950. At these hearings testimony of many witnesses was taken relating to the assault made by the plaintiff.

The only controversy as to the facts in the case concerns the provocation on the part of the attorney for the General Counsel which led to the striking of him by the plaintiff, who insists that he was so provoked that he lost control of his temper, which he immediately regretted. The Board considered the assault to be of such character that it required the suspension of the plaintiff as ordered, giving consideration to his previous good record in limiting the disciplinary action to suspension rather than permanent disbarment. One member of the Board considered the penalty too severe; another member of the Board did not consider it severe enough.

■ ⸱ I do not consider it to be the function of this Court in these proceedings to weigh the evidence taken at the hearings. Undoubtedly the conduct of the plaintiff was contemptuous and justified the imposition of the sanction which was visited upon him pursuant to the rule of the Board by excluding him from further participation in the hearings in that case. If the Board has the legal power and authority to further discipline the plaintiff by suspension or disbarment from practice before it, I do not believe it can be said that the Board's action in this case was arbitrary and capricious.

■ The sole issue to be determined in these proceedings is one of law, and that is whether or not the Board has the power to suspend or disbar a person from practice before it, and, if so, has that power been exercised as contemplated by the Congress. Undoubtedly the power to control, by admission and disciplinary action, persons who appear before an administrative agency ⸱ as representatives of the parties at interest is a highly important one, but it is not, as is the case in judicial courts of general jurisdiction, an inherent power, but is one which, if it exists, is given by the legislative authority creating such agency. The Congress has in many instances specifically provided that certain of the executive departments and administrative agencies shall have control of the admission or enrollment of persons authorized to practice before such department or agency, and in one instance, the Commissioner of Patents, provision is made for statutory judicial review of disciplinary action taken by him. As stated, the power is so important that the Supreme Court, in the case of Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 217, 70 L.Ed. 494, speaking through Chief Justice Taft, said:

"We think that the character of the work to be done by the board, the quasi judicial nature of its duties, the magnitude of the interests to be affected by its decisions, all require that those who represent the taxpayers in the hearings should be persons whose qualities as lawyers or accountants will secure proper service to their clients and to help the board in the discharge of its important duties. In most of the executive departments in which interests of individuals as claimants or taxpayers are to be passed on by executive officers or boards, authority is exercised to limit those who act for them as attorneys to persons of proper character and qualification to do so. Not infrequently, statutory provision is made for requiring a list of enrolled attorneys to which a practitioner must be admitted by the executive officer or tribunal. Act July 7, 1884, 23 St. 236, 258, c. 334 [5 U.S.C.A. § 261]; Act July 4, 1884, 23 Stat. 98, 101, c. 181, § 5 [5 U.S.C.A. § 493]; Act June 10, 1921, 42 Stat. 25, c. 18, § 311 [31 U.S.C.A. § 52]. In view of these express provisions, it is urged that the absence of such authority in case of the Board of Tax Appeals should indicate that it was not intended by Congress to give it the power. Our view, on the contrary,

is that so necessary is the power and so usual is it *that the general words by which the board is vested with the authority to prescribe the procedure* in accordance with which its business shall be conducted *include as part of the procedure rules of practice for the admission of attorneys.* It would be a very curious situation if such power did not exist in the Board of Tax Appeals when in the Treasury Department and the office of the Commissioner of Internal Revenue there is a list of attorneys enrolled for practice in the very cases which are to be appealed to the board." (Emphasis supplied.)

In that case Goldsmith had sought admission to practice before the Board of Tax Appeals, *which had been denied pursuant to rules adopted by the Board, regulating the admission of persons entitled to practice before it, and providing that the Board, in its discretion, may deny admission to any applicant or suspend or disbar any person after admission.* The Court stated:

"Our conclusion in this case is sustained by the decision of the Supreme Judicial Court of Massachusetts in Manning v. French, 149 Mass. 391, 21 N.E. 945, 4 L.R.A. 339 [382]. That was a suit for tort against members of the Court of Commissioners of Alabama Claims for unjustly depriving an attorney of the privilege of practicing before it. *The court was given by statute power to make rules for regulating the forms and mode of procedure for the court,* and *this was held to include the power to make rules for the admission of persons to prosecute claims before the court as agents or attorneys for the claimants.* It was pointed out in support of the construction that claimants were not compelled to appear in person to present their claims as the taxpayers are not before the Board of Tax Appeals. The fact that in the Manning Case the body was called a court, and that here the board was an executive tribunal, does not make the decision inapplicable. The Court of Alabama Claims was certainly not a United States court under the third article of the Constitution. It was rather a commission to aid the fulfillment of an international award with judicial powers." (Emphasis supplied.)

It is to be noted that, in the case of Manning v. French, not only did the Congress give the power to the Court of Alabama Claims to make rules for regulating the forms and mode of procedure for the Court, which was construed to include the power to make rules for the admission of persons to prosecute claims before the Court as agents or attorneys for the claimants, but that *the said court did adopt and promulgate Rule V, which provided for the admission to practice, upon motion, of any person of good moral character admitted to practice as attorney or counsel in the Supreme Court of any State or territory, or the District of Columbia, or in any of the federal courts.* The Court stated, 149 Mass. at page 399, 21 N.E. at page 947:

"If the court had the power to prescribe by rule the qualifications of attorneys to be admitted to practice before it, the court had the power to determine whether the persons who asked to be admitted had the requisite qualifications, and whether persons who had been admitted retained the requisite qualifications. The power of the court to determine whether an attorney already admitted was a fit person to remain an attorney is involved in the general power to make rules for the admission of attorneys."

The Act creating the National Labor Relations Board provides that the Board shall have authority from time to time to make, amend and rescind such rules and regulations as may be necessary to carry out the provisions of the Act, such rules and regulations to be effective upon the publication in the manner which the Board shall prescribe. 29 U.S.C.A. § 156. It would, therefore, seem quite clear that, giving this language the construction approved in the Goldsmith case, the Board had the power to prescribe rules for the admission of persons to practice before it. The Board has prescribed many rules and

138

regulations, among them the one referred to respecting the exclusion of any person from a hearing for contemptuous conduct, but nowhere has the Board prescribed any rule regulating the admission or enrollment of persons authorized to practice before it, except with respect to certain former employees of the Board.[1] Had the Board done so, there would be no question as to its power to discipline any one so admitted for conduct not in keeping with the requirements for admission or enrollment. Failing to do so, however, the Board has failed to exercise its delegated legislative function to provide the legislative sanction upon which the challenged order must rest.

The rule making power is a very different thing from the adjudicatory process. It is one thing for the Congress to say that an administrative agency shall have the right to prescribe by rule for the admission and disciplinary measures of attorneys practicing before it, and quite another to say that Congress intended such an agency to adjudicate and enforce disciplinary action without any statutory provision or rule promulgated in pursuance of statutory authority. The force of this difference is readily apparent when viewed in the confusing and conflicting situations that beset the whole subject of admission to and control over practice before administrative agencies.[2] Admittedly the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., did not undertake to provide for procedures relative to the admission to practice before administrative agencies. As has been repeatedly stated, it was considered that that subject deserves and requires independent and comprehensive treatment, and probably no subject has received more continued effort, so far without success, to accomplish by legislative enactment some uniformity and desirable standards of admission and disciplinary action than has this problem of practice before administrative agencies. In most of the hearings and in the literature that has emerged as a result, the methods of each agency is described, and the varying requirements, if any, of such agencies with respect to those who practice before them are set forth. Invariably the National Labor Relations Board is shown and considered to be one of the agencies which makes no requirement concerning any one practicing before it as an attorney, agent or representative (except to exclude certain former employees), and exercises no disciplinary measures with respect to such persons other than the sanction of ex-

1. Sec. 102.91 of the Board's Rules and Regulations, Series 5, 29 U.S.C.A.Appendix. *"Prohibition of practice before Board of its former Regional employees in cases pending in Region during employment.* No person who has been an employee of the Board and attached to any of its Regional Offices shall engage in practice before the Board or its agents in any respect or in any capacity in connection with any case or proceeding which was pending in any Regional Office to which he was attached during the time of his employment with the Board."

Sec. 102.92 of the Board's Rules and Regulations, Series 5, 29 U.S.C.A.Appendix. *"Same; application to former employees of Washington staff.* No person who has been an employee of the Board and attached to the Washington staff shall engage in practice before the Board or its agents in any respect or in any capacity in connection with any case or proceeding pending before the Board or any Regional Offices during the time of his employment with the Board."

2. Federal Administrative Bars: Admission and Disbarment, J. S. Waterman, 3 University of Chicago Law Review (1935–1936) 261; Admission to and Control over Practice Before Federal Administrative Agencies, Report of Committee on Administrative Practice of the Bar Association of the District of Columbia, November 1, 1938; A Manual on Trial Technique in Administrative Proceedings and Illustrative Federal Administrative Agencies (1950), Prepared under the auspices of the Junior Bar Section of the Bar Association of the District of Columbia; Hearings before Subcommittee No. 2 of the Committee on the Judiciary House of Representatives, 80th Congress on H.R. 2657, A Bill to Protect The Public With Respect to Practitioners Before Administrative Agencies; H.R. 3098, 82nd Congress, First Session, A Bill To Protect The Public With Respect To Practitioners Before Administrative Agencies (now pending); A Discussion of that proposed legislation in the Journal of the Bar Association of the District of Columbia, January 1952.

clusion from a case for contemptuous conduct at a hearing. In this connection, it is of some interest to note that, in the study of each administrative agency preceding the Report of the Attorney General's Committee on Administrative Procedure, the staff monograph on the National Labor Relations Board [3] made the following comment:

"The Board has no power, under the statute, to punish for contempt, but it has provided in Rules and Regulations, Article II, Section 31, for the exclusion from the hearing of persons engaging in contemptuous conduct. This authority has been exercised in only two cases; in one, the contumacious attorney was excluded from further participation in the case, and, in the other, he was asked to leave the hearing room for the balance of the day.

"On two other occasions, the Board was sufficiently outraged by the conduct of attorneys, to institute proceedings to "disbar" them from further practice before the Board. Both proceedings were dismissed upon the receipt of appropriate apologies and explanations. Whether the Board's contemplated action in those instances was warranted, absent a provision in the regulations governing the enrollment and disbarment of attorneys, is open to some question. One may suggest, therefore, that the Board incorporate in its rules of practice, provision for the disbarment of attorneys for unprofessional conduct, if it intends to maintain disciplinary proceedings of this character."

Until the National Labor Relations Board adopts an appropriate rule, which it certainly has the power to do, the effect of which is to limit those who appear before it as attorneys, agents or representatives to such persons as are admitted or enrolled, it holds itself out as being willing that any party at interest be represented by any person of his choice, and that no person will be precluded from being represented by the person of his choice, except in the case in which such representative has been

contemptuous at a hearing and except as to certain former employees. This was the state of the law at the time the Board entered the order which is here challenged, and it is the conclusion of the Court, for the reasons stated, that the Board was without authority to enter such order, and it must be vacated.

Counsel will prepare and submit an appropriate order to carry this decision into effect.

### On Motion for Modification

On motion of defendants for modification of opinion by striking therefrom the italicized words in the following excerpt:

"Until the National Labor Relations Board adopts an appropriate rule, which it certainly has the power to do, the effect of which is to limit those who appear before it as attorneys, agents or representatives *to such persons as are admitted or enrolled,* it holds itself out as being willing that any party at interest be represented by any person of his choice, and that no person will be precluded from being represented by the person of his choice, except in the case in which such representative has been contemptuous at a hearing and except as to certain former employees."

it is urged that the language objected to seems to require that the National Labor Relations Board not only have a rule providing for suspension or permanent exclusion of practitioners appearing before it, but also must maintain a register or roll of practitioners from which the offenders' names may be stricken. The defendants do not consider that the Court intended its holding to be so far-reaching, urging as a basis for such view that the question of the type of rule needed to support the sanction imposed against the plaintiff was not involved in the case, but only the question was presented as to whether such sanction was valid in the absence of any rule. It is pointed out that numerous other federal executive agencies have rules providing for exclusion of practitioners, but maintain no register, impose no conditions on admissions to practice, and require no application

3. Document No. 10, 77th Congress, First Session, Part 5, p. 17, Note 76.

for admission. It is further urged that the memorandum opinion of this Court in the instant case seems to recognize the validity of the exclusionary rule relating to contemptuous conduct, and with respect to former employees, even in the absence of rules respecting admission, enrollment or registry of attorneys, agents or representatives who practice before the Board. The plaintiff opposes the motion of the defendants for the modification of the memorandum opinion.

It is true that the Court had no intention of making a determination respecting the type or form of any rule concerning admission, enrollment, registry or the institution of a bar of attorneys, agents or representatives permitted to practice before the Board. It clearly was the intention of the Court to make clear that the power to impose the disciplinary sanction of suspension or permanent exclusion of any person permitted to practice before the Board must find its source in legislative action by statute or rules promulgated by the Board pursuant to statute; that the statutory power to prescribe rules of procedure should be, and has been construed to give to the Board the power to make rules respecting the admission of persons qualified and permitted to practice before it, and that power comprehended the power to suspend or exclude persons that fail to maintain the qualifications of those so permitted. No question as to the validity of the rule respecting the exclusion of attorneys, agents, or representatives for contemptuous conduct at a hearing, or respecting the exclusion of former employees of the Board, was involved, and no opinion of the Court with respect to the validity of such rules was expressed. It is the view of the Court that the power to discipline those practicing before it is essentially related to the power of the Board to regulate by rule those who are permitted to practice before it. Whether such permission is accomplished by an enrollment, a register or the constitution of a bar, or otherwise, was not a matter calling for decision of the Court in this case.

The Court, having undertaken to clarify the expressions in the memorandum opinion sought to be deleted, denies the motion of the defendants for modification of said memorandum opinion.