**James Harrison BARHAM, Plaintiff,**

**v.**

**E.E. EDWARDS, III, Defendant.**

**No. 3–83–0563.**

United States District Court,
M.D. Tennessee,
Nashville Division.

July 20, 1983.

James Harrison Barham, pro se.

MEMORANDUM

WISEMAN, District Judge.

The Court is in receipt of a complaint and application to proceed in forma pauperis. The Clerk will file the complaint in forma pauperis, but will not issue process thereon.

Plaintiff, Barham, sues his former, privately employed attorney, Edwards, for damages for professional negligence and ineffective assistance of counsel in violation of his sixth amendment right to counsel. Jurisdiction is asserted under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1331.

Jurisdiction under section 1332 is absent. Plaintiff alleges on the face of the complaint that both he and defendant are residents of Tennessee.

Jurisdiction under section 1331 is a more difficult question. There the district courts are granted "original jurisdiction of all civil actions arising under the Constitution. . . ." The allegations of the complaint would appear to be sufficient to state a claim under 28 U.S.C. § 2255, in that plaintiff alleges a denial of a constitutional right so as to "render the judgment vulnerable to collateral attack."

The question, then, is whether section 1331 gives jurisdiction to the federal district courts of actions for money damages in each circumstance where there is a violation of a citizen's constitutional right by another private citizen. This is *not* a *Bivens* type action where the violation is government sponsored, approved, or condoned. Edwards was privately employed by plaintiff. The only government action that could be alleged was the attorney's admission to practice in the federal courts.

The prerequisite of explicit Congressional authorization for a damage-remedy in fourth amendment violations was treated at length in the majority, concurring, and dissenting opinions of *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Justice Harlan's concurrence posed the question as "whether compensatory relief is 'necessary' or 'appropriate' to the vindication of the interest asserted. [citations omitted]. In resolving that question, it seems to me that the range of policy considerations we may take into account is at least as broad as the range of a legislature would consider with respect to an express statutory authorization of a traditional remedy." *Id.* at 407, 91 S.Ct. at 2010, 29 L.Ed.2d at 633.

The policy considerations for allowing a cause of action in *Bivens* are not present in this case. The Court in *Bivens* allowed a suit for damages where the constitutional violations were caused by federal officials. "An agent acting—albeit unconstitutionally—in the name of the United States possesses a far greater capacity for harm than an individual trespasser exercising no authority other than his own." *Bivens,* 403 U.S. 388, 392, 91 S.Ct. 1999, 2002, 29 L.Ed.2d 619, 624 (1971). The Court has stressed that a *Bivens* cause of action is based on the need for protection of constitutional rights from public officials whose "broad authority" enables them to "undertake a wide range of projects—including some which may infringe such important personal interests as liberty, property, and free speech," *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895, 915 (1978). It seems clear, therefore, that a *Bivens* action is based on the need to check the authority of federal officials.

Although lawyers are officers of the Court, a member of the federal bar is not an officer of the United States. *Laughlin v. Clephane,* 77 F.Supp. 103 (D.D.C.1947). A private attorney's actions in representing his client do not have the same capacity for harm to constitutional rights as the acts of a public official. Moreover, constitutional guarantees are protections from governmental action. Cases decided under *Bivens* implicitly require that the actions be brought against a federal official. *E.g., Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895, 914 (1978) (*Bivens* established that a citizen may "invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official.")

■ Cases brought under the closely related cause of action under section 1983 have established that one may not bring a "constitutional tort" action in federal court for ineffective assistance of counsel. In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the Supreme Court held that a public defender does not act "under color of state law" when representing an indigent client and is therefore not subject to suit under section 1983. Finding that the attorney's functions and obligations were "in no way dependent on state authority," the Court stressed that "except for the source of payment, [the] relationship became identical to that existing between any other lawyer and client." *Id.* at 318, 102 S.Ct. at 450, 70 L.Ed.2d at 516. Ineffective assistance of counsel does not rise to the level of a cause of action under the Constitution because there is insufficient government involvement. The *Polk County* Court held that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Id.* at 318, 102 S.Ct. at 450, 70 L.Ed.2d at 516. *See also Black v. Bayer,* 672 F.2d 309 (3d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 230, 74 L.Ed.2d 182 (holding that a public defender did not act under color of state law and was absolutely immune from suit as well). In *Thomas v. Howard,* 455 F.2d 228 (3d Cir.1972) (per curiam) the court made it clear that the acts of private counsel in representing a client do not constitute state action either.

Since an attorney or a public defender would not be subject to suit under section 1983 if the trial in this case had been in state court, it would be unreasonable to assert jurisdiction under *Bivens* because the trial occurred in federal court. *Bivens* actions require more federal action than is present in this case. This suit should have been brought in state court as a legal malpractice action. It should be noted that the laws of this state, as well as those of other jurisdictions, provide for an action in tort or contract for professional negligence, misfeasance, or malfeasance. Plaintiff can sue his attorney in the state courts and receive adequate damages.

It is therefore not "necessary" to provide this remedy to vindicate the constitutional rights and interest in this case. 28 U.S.C. § 2255 provides a basis for federal judicial review of the effectiveness of counsel and a remedy of vacation of the conviction, discharge of the prisoner, or the award of a new trial. Were this Court to sanction the cause of action requested in this case, the flood of litigation that would result would be frightening. This Court, as are all district courts, is subjected to an ever increasing volume of prisoner petitions under section 1983. Much of this litigation is frivolous and there is already the danger of obscuration of a meritorious complaint in the avalanche of those totally lacking in merit. The expenditure of additional judicial resources in this class of litigation is both unnecessary and unwarranted.

■ If this type of action were recognized, an entirely new area of federal litigation would emerge. Any common law tort that deprives a citizen of "life or liberty" without due process of law, for example, would become actionable in the federal courts as a violation of the fifth amendment. To hold that the violation of a constitutional right of a citizen by another private citizen gives rise to a federal action under 28 U.S.C. § 1331, *without more explicit congressional authority,* would emasculate the "state action" and "color of law" requirements of section 1983 and analogous requirements of *Bivens* actions. Congress certainly did not contemplate such a drastic expansion of federal jurisdiction in the passage of 28 U.S.C. § 1331 and its recent amendment to exclude a jurisdictional amount requirement.

The Constitution, in its genesis and historical evolution, has been a barrier erected between the individual citizen and collective government for the protection of the rights of individual citizens against potential abuses of power by the government. The rights of citizens in relation to other citizens has been left to the common law or legislative enactment. The Constitution as a source of

**1500**

law was never intended by the framers, nor has it been understood in its evolution, to be a source of substantive law on purely interpersonal relations.

For all of the foregoing reasons, this case will be dismissed. An appropriate order will enter.