T.C. Memo. 1996-256


UNITED STATES TAX COURT


ST. JOSEPH LEASE CAPITAL CORPORATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 249-95.                          Filed June 3, 1996.


The parties have made opposing motions for summary judgment with respect to the period of limitations. Petitioner argues that a notice of deficiency returned to respondent by the U.S. Postal Service was not addressed to petitioner's last known address and was a nullity and that a copy subsequently sent to petitioner by facsimile was a new notice that was received after the period of limitations had expired. Respondent argues that petitioner's last known address presents a genuine issue as to a material fact but that we should deny petitioner's motion and grant respondent's on the grounds that petitioner received actual notice of a timely mailed notice without prejudicial delay. We agree with respondent.

1. <u>Held</u>: Petitioner's motion for summary judgment will be denied.

2. <u>Held</u>, <u>further</u>, respondent's motion for partial summary judgment will be granted.

Steven S. Brown and Robert M. Levin, for petitioner.

Gary D. Kallevang, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This matter is before the Court on two opposing motions for summary judgment, petitioner's motion for summary judgment (petitioner's motion) and respondent's motion for partial summary judgment (respondent's motion).  The motions are in opposition on the question of whether the period of limitations on assessment and collection has run.  Petitioner asks that we summarily decide that the assessment or collection of any tax for the years in issue is barred by the statute of limitations and that we enter a decision that there is no deficiency in respect of any such tax.  Respondent opposes that request and asks that we summarily decide that petitioner's affirmative defense of the statute of limitations has no merit. Petitioner opposes respondent's motion.

Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Introduction

### Motion For Summary Judgment

A summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other

acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).

Grounds

The principal grounds for petitioner's motion are that respondent failed to suspend the period of limitations on assessment and collection by timely sending notice of deficiency and that the notice of deficiency upon which the petition is based was sent after that period expired.  Respondent objects on alternative grounds:  First, the period of limitations on assessment and collection was suspended by respondent's sending notice of deficiency by mail to petitioner at petitioner's last known address before such period expired; second, even if respondent failed to address such notice to petitioner at petitioner's last known address, respondent did timely mail such notice to petitioner, who received actual notice of the contents of that notice without prejudicial delay.  Although respondent argues that petitioner's last known address presents a genuine issue of fact, respondent also argues that petitioner's last known address is immaterial if we deny petitioner's motion on the basis that the period of limitations was suspended by petitioner's receipt of actual notice without prejudicial delay. Respondent relies on such actual notice argument as grounds for her motion.  Petitioner does not argue that there is a genuine issue as to any material fact that would preclude us from

granting respondent's motion (although petitioner would have us deny respondent's motion for other reasons). We agree with respondent that petitioner's last known address is immaterial if we adopt her "actual notice" argument. We believe that respondent's motion presents no genuine issue as to any material fact and that we can decide both petitioner's and respondent's motions as matters of law. For the reasons stated, respondent's motion will be granted and petitioner's motion will be denied.

Facts On Which We Rely

The parties have attached to their motions various affidavits, on which we rely to the extent that they are undisputed. We also rely on certain uncontested or inconsequential averments in the pleadings. The facts that we rely on to decide the motions are as follows.

Petitioner; Its Returns

Petitioner, an Indiana corporation, is a calendar-year taxpayer.

Petitioner's Federal income tax returns for 1985 through 1990 (the years in issue) were received at the Internal Revenue Service Center, Philadelphia Pennsylvania, on October 15, 1991.

Petitioner and respondent entered into no agreement to extend the time to assess tax for any of the years in issue.

Respondent's Examination

Respondent, by one of her revenue agents, Anne M. Price (Price), began an examination of petitioner's 1991 tax year on or

about September 28, 1993. Later, Price attempted to expand that examination to include the years in issue. On several occasions during the course of Price's examination, she visited offices of petitioner at 6019 Tower Court, Alexandria, Virginia. Price's examination of petitioner was closed on or about August 1, 1994, with respect to the years in issue. Thereafter, a notice of deficiency with respect to the years in issue was prepared by or under the supervision of John Henry, Senior Reviewer, Quality Assurance Branch, Richmond District, Internal Revenue Service, Richmond, Virginia. On October 6, 1994, three copies of that notice of deficiency (the October 6 notice) were sent by certified mail, addressed as follows:

> (1)  St. Joseph Lease Capital Corporation
>      Post Office Box 19307
>      Alexandria, Virginia 22320
>
> (2)  St. Joseph Lease Capital Corporation
>      6019 Tower Court
>      Alexandria, Virginia 22320
>
> (3)  Roger A. Pies, Esquire
>      Suite 800 South
>      601 Thirteenth Street, N.W.
>      Washington D.C. 20005

The first address resulted from a query to the main Internal Revenue Service computer. The second address was found in the case file and is the address at which Price carried out a portion of her examination. Roger A. Pies (Pies) is an attorney who represented petitioner during the course of Price's examination, and the third address is that of Pies.

All three copies of the October 6 notice were returned to respondent.  The first carried a U.S. Postal Service (Postal Service) stamp:  "Box Closed, No Forwarding Order"; the second carried a Postal Service stamp:  "Return to Sender, Unclaimed".  The third was returned unopened, under cover of a letter from Pies that stated that he did not represent petitioner.

Petitioner's Counsel

Initially, Pies represented petitioner in connection with Price's examination of petitioner's 1991 tax year; later, that representation was extended to include Price's examination of the years in issue.  A Form 2848, Power of Attorney and Declaration of Representative, appointing Pies petitioner's attorney in fact for purposes of income tax matters for 1985 through 1990 was executed on behalf of petitioner by petitioner's president, Michael V. Jennings (Jennings), on March 21, 1994.

On August 23, 1994, Jennings hired another attorney, Robert M. Levin (Levin), to represent petitioner before the Internal Revenue Service in connection with income tax matters for 1985 through 1991.  On September 1, 1994, Levin wrote to the Richmond, Virginia, District Office of the Internal Revenue Service, and requested the release of certain documents pursuant to the Freedom of Information Act, 5 U.S.C. sec. 552 (1994), including documents relating to Price's examination of petitioner's 1985 through 1991 tax years.  Included with Levin's request was a Form 2848, Power of Attorney and Declaration of

Representative, appointing Levin petitioner's attorney in fact for purposes of income tax matters for 1985 through 1991. By its terms, that power revoked all prior powers for the same matters and years.

On November 2, 1994, Levin learned from a disclosure specialist in the Richmond District Director's office that the October 6 notice had been sent. He asked if he could obtain a copy, and he was referred to John Henry (Henry), the senior reviewer in the Richmond District Quality Assurance Branch. Levin contacted Henry, who agreed to send Levin a copy of that notice. Henry did so by facsimile transmission, received in Levin's office on November 10, 1994. In so acting, Henry acted to protect the interests of petitioner.

1993 Consolidated Return

On August 31, 1994, petitioner's parent corporation, Financial Analytics Corp., sent its 1993 consolidated income tax return to respondent's Philadelphia Service Center on Form 1120, U.S. Corporation Income Tax Return. Attached to that Form 1120 was a Form 851, Affiliations Schedule. That Form 851 states that petitioner's address is 218 North Lee Street, Suite 300, Alexandria, Virginia, 22314 (the North Lee Street address).

Form 8822

On September 21, 1994, petitioner sent a Form 8822, Change of Address, by overnight courier to respondent's Philadelphia

Service Center.  That Form 8822 stated that petitioner's new address was the North Lee Street Address.

Petition

The petition was hand delivered to the Court on January 3, 1995.

Discussion

With exceptions not here relevant, section 6501 provides a 3-year period from the time a return is filed for the assessment or collection (without assessment) of any tax, including income taxes (the period of limitations).  The running of the period of limitations, however, is suspended under section 6503(a)(1) by "the mailing of a notice under section 6212(a)".  Section 6212(a) authorizes the Secretary, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified or registered mail."  Section 6212(b)(1) provides that a notice of deficiency in respect of an income tax "shall be sufficient" if it is "mailed to the taxpayer at his last known address".

Petitioner's income tax returns for the years in question were filed on October 15, 1991, and the October 6 notice was sent to petitioner by certified mail well within the period of limitations.  If any of the three addresses to which the October 6 notice was addressed was petitioner's last known address, then the October 6 notice is presumptively sufficient and petitioner's motion must be denied.  We need not decide

petitioner's last known address to dispose of the motions before us, however, because that fact is immaterial to respondent's principal argument that petitioner received actual notice of the October 6 notice and timely filed the petition. Respondent argues that we can assume that the October 6 notice was not addressed to petitioner's last known address and decide whether, notwithstanding that assumption, the October 6 notice was sufficient to suspend the running of the period of limitations.

Petitioner argues that the October 6 notice was insufficient to suspend the running of the period of limitations because (assuming that it was not sent to petitioner's last known address) respondent abandoned or withdrew the October 6 notice when all three copies were returned undelivered by the Postal Service and respondent communicated a copy to petitioner's agent, Levin, by facsimile transmission on November 10, 1994. That facsimile transmission (the November 10 communication), argues petitioner, constituted a new notice of deficiency, which was effective (once the petition was filed) to give this Court jurisdiction but which was ineffective, because untimely, to suspend the running of the period of limitations.

In support of its argument, petitioner cites Reddock v. Commissioner, 72 T.C. 21 (1979). In the Reddock case, respondent mailed a notice of deficiency to the taxpayers 3 days before the expiration of the period of limitations (the initial notice) but did not mail the initial notice to the taxpayers' last known

address.  The initial notice was returned to respondent undelivered.  Eleven days after the period of limitations expired, respondent remailed the initial notice to the taxpayers at their residence, where it was received.  The taxpayers then filed a petition in this Court, raising as an affirmative defense the period of limitations.  We upheld that defense, finding that assessment was barred since the initial notice was not remailed to the taxpayers until after the period of limitations had expired.  We reasoned that the initial notice was a "nullity" because the initial notice was erroneously addressed and was returned to respondent undelivered.

The Reddock case exemplifies the rule that, if respondent acts so as to indicate that a notice of deficiency is null, she will be bound by the consequences of such action.  See, e.g., Eppler v. Commissioner, 188 F.2d 95, 98 (7th Cir. 1951) (petition to redetermine a deficiency timely when mailed within 90 days of second notice of deficiency but without 90 days of first notice of deficiency; by sending second notice, Commissioner in effect "withdrew or abandoned" the first notice and, when second notice was mailed, "started a new 90 day period of appeal").  In the Reddock case, respondent's remailing of the misaddressed notice of deficiency was convincing evidence that she considered the prior notice a nullity.  We reach a contrary conclusion here, because respondent took no actions that evidence an abandonment, withdrawal, or nullification of the October 6 notice.  It was

petitioner's agent, Levin, who asked to obtain a copy of the October 6 notice; respondent's agent, Henry, did not resort to certified or registered mail or, indeed, any form of mail to satisfy that request; he transmitted a copy of the October 6 notice by facsimile transmission. Henry stated that he was acting to protect petitioner's interests. Those are not indicia that respondent had come to realize that the October 6 notice was faulty and that she was seeking to start things anew. Accordingly, we conclude that the November 10 communication constituted merely a copy of the October 6 notice, not a new notice.

We still must decide, however, what consequence we are to attach to our assumption that the October 6 notice was not addressed to petitioner's last known address.

In Frieling v. Commissioner, 81 T.C. 42 (1983), we dealt with a situation analogous to that which we face today. There, respondent mailed a notice of deficiency to the taxpayers before the period of limitations expired. That notice was not mailed to the taxpayers' last known address, but it was forwarded by the Postal Service to the taxpayers, who actually received it, although after the period of limitations had expired. The taxpayers argued that the statute of limitations had expired with respect to the taxable years in issue there. We set forth the following two rules:

> Where the safe harbor in section 6212(b)(1) does not apply, the taxpayer's failure to receive the incorrectly addressed notice of deficiency becomes relevant and invalidates that notice for all purposes. However, so long as the notice of deficiency is timely mailed by the Commissioner and is received without prejudicial delay by the taxpayer in compliance with section 6212(a), the notice is effective for all purposes from the time of its mailing. [Id. at 57.]

With respect to the specific purpose of suspending the period of limitations pursuant to section 6503(a)(1), we held:

> the mailing of the notice of deficiency, which complied with section 6212(a), which was received by petitioners, and in regard to which a timely petition was filed in this Court, tolled the period of limitations on the date the notice was mailed even though the notice was not sent to their last known address. [Id.]

This case falls squarely within the rule of Frieling v. Commissioner: The October 6 notice was timely sent, although it may not have been mailed to petitioner's last known address. Thereafter, a copy of that notice was received by petitioner, who timely petitioned this Court on January 3, 1995. See sec. 6213(a). Petitioner cannot complain that the delay it suffered in receipt of the notice, until November 10, 1994, prejudiced it by disabling it from timely petitioning this Court. Therefore, the October 6 notice suspended the running of the period of limitations. Frieling v. Commissioner, supra at 57 ("so long as the notice is received within the period for petitioning this Court and a timely petition is filed, the notice will be valid under section 6212(a)").

On the grounds stated, petitioner's motion will be denied. Although respondent has asked for summary adjudication that, on those grounds, the Court has jurisdiction, there is no question of jurisdiction, in the technical sense, in this case; it is clear from respondent's motion, her memorandum in support of that motion, and petitioner's objection that respondent is asking for (and petitioner understands that she is asking for) summary adjudication that petitioner's affirmative defense of the statute of limitations has no merit. On the grounds stated, she deserves such summary adjudication, and we shall grant respondent's motion.

<u>An appropriate order</u>

<u>will be issued</u>.